In re the MARRIAGE OF Lynn L. JOHNSON and Herbert T. Johnson.

Herbert T. JOHNSON, Appellant–Respondent,

v.

Lynn L. JOHNSON (Pickett), Appellee–Petitioner.

No. 30A04–9306–CV–232.[1]

Court of Appeals of Indiana, First District.

Dec. 27, 1993.

Rehearing Denied Feb. 9, 1994.

James C. Spencer, Indianapolis, for appellant-respondent.

Judge.

1. This case was diverted to our office on November 16, 1993, by direction of the Chief

C. Thomas Cone, Greenfield, for appellee-petitioner.

BAKER, Judge.

Today we decide whether a trial court may order interest on a child support arrearage absent a specific request therefor. Appellant-respondent Herbert T. Johnson challenges the trial court's judgment for delinquent child support and interest and its finding concerning emancipation.

## FACTS

On October 2, 1970, the Hancock Superior Court dissolved Lynn and Herbert Johnson's marriage. In the decree, the trial court ordered Herbert to pay fifteen dollars per week as child support for the parties' son, Thomas.

On approximately August 20, 1973, Lynn, wanting to remarry and move out of town, convinced Herbert to stop visiting Thomas. In return, Lynn promised not to seek further child support. Lynn subsequently moved several times, including out of state. In 1981, she returned to Indiana, and in the following year permitted Herbert and Thomas to renew their relationship, even allowing Thomas to work at Herbert's business.

Lynn never attempted to enforce the 1970 child support order until August 26, 1992, when she filed a motion for contempt and modification of the decree. Lynn sought to have Herbert held in contempt for nonpayment of child support, to obtain funds for Thomas' college expenses, and to recover attorney's fees. In her petition, Lynn did not specifically request to recover delinquent support or interest. She did, however, ask for "all other relief."

In its findings of fact and conclusions of law, the trial court denied Lynn's contempt request. The trial court also found Thomas was emancipated on July 22, 1990, his twentieth birthday, and denied Lynn's request for college expenses as untimely. However, the trial court did award Lynn a judgment for $10,080 for child support in arrears. Pursuant to IND.CODE 31–1–11.5–12(f) (Supp.1993), the trial court also awarded Lynn interest on the arrearage at a rate of one and one-half percent per month, for a total of $15,332.26.

## DISCUSSION AND DECISION

█ When a trial court enters gratuitous findings of fact and conclusions of law, the specific findings made control as to the issues they cover, and the general judgment controls as to other issues. *Bishop v. Sanders*, Ind.App., 624 N.E.2d 64, 66 (1993). Where the trial court did not explicitly find facts necessary to support its judgment, we assume the trial court so found. *Id.* at 66.

### I. Child Support Arrearage

█ Herbert argues first that the trial court lacked the power to award back child support when Lynn only requested "all other relief," without a specific request for a child support delinquency judgment. A trial court has the power to enter a judgment for delinquent support upon a general request for relief. *See* IND. CODE 31–1–11.5–13 (Supp.1993); *Kuhn v. Kuhn* (1980), 273 Ind. 67, 69–70, 402 N.E.2d 989, 991. Therefore, this argument fails.

█ Herbert also argues that Lynn's petition was groundless, because he did not owe back child support. Because the welfare of the child is paramount to other considerations, any agreement to modify child support must be approved by the trial court. *Pickett v. Pickett* (1984), Ind.App., 470 N.E.2d 751, 754. In the present case, Herbert never obtained court approval of Lynn's agreement not to seek child support. That agreement is therefore not enforceable, *see Kirchoff v. Kirchoff* (1993), Ind.App., 619 N.E.2d 592, 596, and estoppel will not reduce a child support obligation. *Pickett*, 470 N.E.2d at 755.

The trial court's award of delinquent child support was not groundless or error. Due to the fifteen-year statute of limitation on child support, the trial court properly computed Herbert's support arrearage from August 26, 1977. *See* IND. CODE 34–1–2–3 (1983).

## II. Interest

Next, Herbert argues that a trial court may not order interest on back child support unless specifically requested. Because we find this issue dispositive, we do not reach his estoppel argument.

■ Herbert argues that I.C. 31–1–11.5–12(f) requires a specific request for interest.

The court may, upon a request by the person entitled to receive child support payments, order interest charges of not more than one and one half percent (1½) per month to be paid on any delinquent child support payment.

I.C. 31–1–11.5–12(f). The clear language of a statute controls. *Dague v. Piper Aircraft Corp.* (1981), 275 Ind. 520, 524, 418 N.E.2d 207, 210. The dispositive language here is "upon a request." Upon a request, the trial court "may" award interest. While the trial court does have discretion in awarding interest, *Ort v. Schage* (1991), Ind.App., 580 N.E.2d 335, 337, it does so only when a party entitled to support requests it. I.C. 31–1–11.5–12(f).

Lynn did not specifically request interest. She merely requested "all other relief." Although an interest award on delinquent child support is similar to an award of prejudgment interest, I.C. 31–1–11.5–12(f) modifies the common law of prejudgment interest in several ways.

Awarding prejudgment interest is not generally a matter of discretion. *Dale Bland Trucking, Inc. v. Kiger* (1992), Ind. App., 598 N.E.2d 1103, 1106. I.C. 31–1–11.5–12(f) changes that common law rule by granting the trial court discretion to award interest on support arrearage and at what rate.

At common law, a request for general relief suffices to support an award of prejudgment interest. *Ross v. Smith* (1888), 113 Ind. 242, 243, 15 N.E. 268, 268; *Kuhn*

*v. Powell* (1916), 61 Ind.App. 131, 134–35, 111 N.E. 639, 640. However, I.C. 31–1–11.5–12(f) specifically requires a request for interest.[2]

By including an express provision that differs from the common law, we presume our General Assembly intended to change the common law. *See State Farm Fire & Casualty Co. v. Structo Division, King Seeley Thermos Co.* (1989), Ind., 540 N.E.2d 597, 598. Therefore, "request" in I.C. 31–1–11.5–12(f) means a specific request. *See Indiana Dept. of Human Serv. v. Firth* (1992), Ind.App., 590 N.E.2d 154, 157, *trans. denied* (presumption that words in statute have meaning).

In order to obtain interest under I.C. 31–1–11.5–12(f), a parent must specifically request interest. Lynn's request for "all other relief" does not support the trial court's award of interest. We reverse the award of interest as contrary to law. *See Olson v. Olson* (1983), Ind.App., 445 N.E.2d 1386, 1388.

## III. Date of Emancipation

Herbert argues that because all the evidence supporting Thomas' emancipation existed on July 22, 1989, the trial court erred in finding Thomas was not emancipated until July 22, 1990.

■ Emancipation of a child terminates the parents' obligations to support that child. *In re Marriage of Brown* (1992), Ind.App., 597 N.E.2d 1297, 1299. Competent evidence of either an express agreement or conduct of the parents and child may establish emancipation. *Id.* What constitutes emancipation is a question of law. *Caddo v. Caddo* (1984), Ind. App., 468 N.E.2d 593, 594. Whether there has been an emancipation is a question of fact. *Id.*

■ I.C. 31–1–11.5–12(d)(3) provides conditions for emancipation, and further provides that "child support terminates upon

---

2. Generally, statutory provisions dealing with child support which merely grant the trial court discretion to provide some type of relief contain the word "may". *See, e.g.,* I.C. 31–1–11.5–12(a) (grants trial court discretion to award child support in any divorce action); I.C. 31–1–11.5–12(b) (grants trial court discretion to award education

and medical expenses); I.C. 31–1–11.5–13(f); (grants trial court discretion to resort to certain enforcement measures). Our General Assembly specifically included the words "upon a request" in I.C. 31–1–11.5–12(f), and by doing so evinced the intent to require a specific request for interest on a child support arrearage.

the court's finding that the conditions prescribed in this subdivision exist." Here, the trial court explicitly considered three factors in determining that Thomas was emancipated on July 22, 1990: that he had been attending secondary school intermittently, that he had full-time employment, and that he lived in his own apartment. The trial court determined that those facts existed and that they were sufficient to establish emancipation as a matter of law.

While we do not reweigh evidence or judge credibility, Lynn testified that Thomas moved out in the summer of 1989 to take a job in Cancun. Thomas also testified that he moved out of his mother's house for the last time around June 1989. The evidence shows no change in the conditions the court specified to support emancipation from June 1989 to July 1990. Thus, the trial court erred in not finding Thomas emancipated in June 1989.

Normally, such an error would require us to remand the case to determine the exact date on which Thomas was emancipated. Here, however, Herbert argues that the evidence supports a July 22, 1989 emancipation date, and he is so bound, even though the evidence reveals that Thomas was emancipated slightly earlier. *See* Appellant's Brief at 24.

### CONCLUSION

The trial court properly entered judgment against Herbert for delinquent child support. However, the trial court erred in awarding Lynn interest on that delinquent child support. The trial court also erred when it found Thomas emancipated on July 22, 1990, and therefore erred in calculating the amount of delinquent child support. Herbert's child support obligation from August 26, 1977 to July 22, 1989 is $9,304.28. We remand for the trial court to enter judgment in that amount.

Judgment affirmed in part, reversed in part, and remanded with instructions.

NAJAM and SHARPNACK, JJ., concur.