**Lester Ray CANNON, Appellant–Respondent,**

v.

**Suzanne Marie CANNON (Now Kimmel), Appellee–Petitioner.**

No. 44A05–9608–CV–309.

Court of Appeals of Indiana.

Feb. 28, 1997.

Transfer Denied June 30, 1997.

Randy J. Spitaels Kindig & Sloat, Nappanee, for Appellant.

Allen R. Stout, Allen R. Stout & Associates, Angola, for Appellee.

## OPINION

RUCKER, Judge.

The trial court entered judgment in favor of appellee-petitioner Suzanne Marie Cannon (Mother) for outstanding child support, interest, and attorney fees. Appellant-respondent Lester Ray Cannon (Father) appeals raising the following restated issues: (1) did the trial court lack subject matter jurisdiction to award attorney fees and interest; (2) did the trial court err in granting Mother interest on the outstanding support arrearage; (3) did the trial court err in entering final judgment in Mother's favor; and (4) was the amount of interest improperly calculated. In a separate appeal which has been consolidated by order of this court Father also contends the trial court erred in awarding Mother appellate attorney fees.

We affirm in part, reverse in part, and remand.

On October 4, 1969 Mother and Father entered into a purported marriage. A child was born as a result of the union on August 1, 1970. On December 7, 1970 Mother filed a complaint to annul the marriage contending that Father had fraudulently led her to believe that he had obtained a valid marriage license but that no such license had ever been issued. On March 18, 1971 the trial court entered a decree of annulment, granting Mother custody of the minor child and ordering Father to pay child support in the amount of $20.00 per week. Twenty-three years later, on July 8, 1994, Mother filed a petition alleging that Father had never paid support and seeking a contempt citation along with a judgment plus interest on the outstanding support arrearage. In response Father filed a motion for partial summary judgment alleging that contempt was not an available remedy, that the statute of limitations barred a portion of Mother's claim, and that Mother was not entitled to interest. The trial court denied Father's motion and entered judgment in Mother's favor. Father initiated an appeal. In the meantime Mother sought and was granted appellate attorney fees. Father again appealed. On order of this court both appeals were consolidated. Additional facts are set forth below where relevant.

## I.

Father first contends the trial court lacked subject matter jurisdiction to award Mother attorney fees along with interest on the outstanding support arrearage. Father's argument is based on the premise that the court entered relief on Mother's behalf under provisions of the Dissolution of Marriage statute. According to Father this action does not involve a divorce, but rather involves an annulment of a void marriage. Father implies that because the statutes involving annulment make no provisions for attorney fees or interest on support arrearage, the trial court was without authority to award them. Quoting *Rance v. Rance*, 587 N.E.2d 150, 152 (Ind.Ct.App.1992), Father contends "[i]f a trial court lacks subject matter jurisdiction to dissolve a marriage because the marriage is nonexistent, [then] the court lacks subject matter jurisdiction to order relief predicated upon dissolution statutes." *Brief of Appellant* p. 14.

■ We have no problem with the quoted language. However Father's reliance on it is misplaced. In *Rance* the court lacked subject matter jurisdiction to grant relief under the divorce statute because it lacked subject matter jurisdiction to dissolve a nonexistent marriage. The law on this point is clear. *See e.g. Williams v. Williams*, 460 N.E.2d 1226 (Ind.Ct.App.1984) (where the parties did not enter into a legally recognized marriage, the trial court lacked jurisdiction to entertain a petition for dissolution). Here, the original trial court did not dissolve a nonexistent marriage, rather it annulled a nonexistent marriage. Because dissolution is not at issue in this case Father's argument that the court lacks subject matter jurisdiction on the basis of dissolution is unavailing. *See State v. Superior Court of Madison County*, 242 Ind. 241, 177 N.E.2d 908, 909 (1961) ("It is well settled that the trial court has inherent authority upon proper showing to make allowances for support and expenses, including counsel fees, for an alleged wife in an annulment case, and statutory authority in a divorce case.") Further, the statutory authority under which the original

trial court entered its decree of annulment dictated in relevant part:

> When either of the parties to a marriage shall be incapable, from want of age or understanding, of contracting such marriage, or when such marriage is procured through fraud of one (1) of the parties, the same may be declared void, on application of the incapable party in the case of want of age or understanding and of the innocent party in the case of fraud, by any court having jurisdiction to decree divorces; *but the children of such marriage begotten before the same is annulled, shall be legitimate; and, in such cases, the same proceedings shall be had as provided in application for divorce.*

Ind.Code § 31–1–7–6 (emphasis added) repealed by P.L.180–1986 § 6. Under the wording of the foregoing statute, where children are born of the supposed marriage before it is annulled, then issues concerning custody, support, and attorney fees are treated the same as if the parties had applied for divorce. *Id.*[1] In the case before us there is no dispute that the now emancipated child was born prior to the annulment. Indeed the original trial court so found and granted Mother custody of the child and ordered Father to pay support. We conclude that reference to the divorce proceedings in the annulment statute vested the trial court with subject matter jurisdiction to award attorney fees and interest on outstanding support arrearage in the instant action.

## II.

■ Father next contends the trial court erred in granting Mother interest on the outstanding support arrearage. According to Father a previous request for interest accompanied by a court order must exist before the court can order interest payments. We agree that before interest may be awarded on outstanding support, a party must make a specific request therefor. *See In re Marriage of Johnson,* 625 N.E.2d 1331 (Ind. Ct.App.1993) *reh'g denied;* Ind.Code § 31–1–11.5–12(f) ("[t]he court may, upon a request by the person or agency entitled to receive

child support payments, order interest charges . . . ."). However we do not agree, and Father cites no authority in support of the proposition, that a pre-existing request along with a pre-existing court order must be in effect before a court may make an award. The plain wording of Ind.Code 31–11.5–12(f) merely requires that a party make the request for interest at the time the party attempts to recover delinquent child support. In her petition, Mother requested $73,028.54 in delinquent child support "including statutory interest pursuant [to] the provisions of Indiana Code 31–1–11.5–12." *R.* at 30. This request is sufficient to satisfy the provisions of the statute. We find no error on this issue.

## III.

Framing his argument in terms of trial court error in denying his motion for partial summary judgment, Father challenges the entry of final judgment in favor of Mother. For example, Father complains that the trial court entered summary judgment *sua sponte* and did not give him an adequate opportunity to prepare and present materials in opposition. Father continues that by entering summary judgment in Mother's favor, the trial court in effect determined the date of the child's emancipation, the reasonableness of Mother's attorney fees, and whether Mother was entitled to statutory interest.

Father apparently combines, but misconstrues, two separate events: (1) denial of Father's motion for partial summary judgment, and (2) grant of Mother's petition requesting unpaid child support, interest and attorney fees. The record shows that after Mother filed her petition, Father filed a motion for partial summary judgment. He contended that there were no genuine issues of fact in dispute and sought judgment on the following issues: (1) whether, after the child was emancipated, the remedy of contempt was available to Mother in enforcing Father's child support payment obligations, (2) whether the applicable statute of limitations barred

---

**1.** The same is true under the present statute. *See* Ind.Code § 31–7–7–4 ("An action to annul a voidable marriage under this chapter must be

conducted in accordance with IC 31–1–11.5.") [the Dissolution of Marriage statute].

any portion of Mother's claim for unpaid child support, and (3) whether Mother was entitled to statutory interest absent a previous request or prior court order. *See R.* at 57. Ultimately the trial court entered an order which declared in part (1) "contempt is a remedy available for the enforcement of an order for payment of child support regardless of whether the child is or is not emancipated," (2) "Relying upon the reasoning expressed in *Johnson,* this court now holds that Petitioner Suzanne Marie Kimmel can collect all arrearages which accrued during the fifteen years prior to the filing of her petition on July 8, 1994," and (3) "In rhetorical paragraph three and in the prayer of her petition, Petitioner Kimmel specifically asked for recovery of the statutory interest which is available pursuant to Ind.Code § 31–1–11.5–12(f)." *R.* at 154, 155. The record does not show, nor does Father contend, that there were any facts in dispute. Therefore the issues before the trial court upon Father's motion for partial summary judgment were purely questions of law. Thus, Father's complaint that he had insufficient opportunity to present materials in opposition to the court's ruling is not well taken. It was Father's motion on which the court ruled, and Father had already asserted that the facts were not in dispute. As for the merits of the trial court's ruling, we have already held the trial court did not err in determining that Mother was entitled to statutory interest. And because the trial court did not enter an order finding Father in contempt, any error on this issue did not result in harm to Father. Only one issue on Father's summary judgment motion was left remaining: whether the trial court erred in determining that the applicable statute of limitations did not bar any portion of Mother's claim for unpaid child support. However, because Father does not raise this issue on appeal, it is waived.

■ To the extent Father is actually contending that the trial court entered final judgment in Mother's favor without a hearing, without sufficient evidence, and without an opportunity for Father to present evidence in opposition, we disagree. The record shows that after Mother filed her petition the court held a hearing on September 20, 1994. Thereafter, on October 20, 1994

Father filed his motion for partial summary judgment discussed above. Mother filed a response to the motion and a hearing was scheduled for January 4, 1995. On that date counsel for Mother appeared and filed an Affidavit for Services Rendered for attorney fees incurred during the proceeding and a Support Arrearage calculation sheet reflecting unpaid child support from July 1979 through June 1993. The calculations included interest computed on payments beginning in July 1981 and reflected that the unpaid child support plus interest totaled $35,117.30. Counsel for Father was unable to appear at the hearing. However, in a telephone conference with opposing counsel, counsel for Father agreed to the entry of judgment based on the parties' submissions. On June 30, 1995, the trial court entered an order denying Father's motion for summary judgment and granting judgment for Mother in the amount of $35,117.30 plus $2,000.00 in attorney fees. During the course of proceedings, although Father complained that the statute of limitations barred recovery of certain portions of the outstanding support, Father never denied that there was an outstanding arrearage. Father had ample opportunity to submit evidence in opposition to Mother's petition. Further, given Father's agreement that the court could enter judgment based on the parties' submissions, we find no error.

IV.

Father next challenges the amount of interest the trial court awarded to Mother. His argument is two-fold: (1) the calculations are not consistent with the provisions of Ind. Code § 31–1–11.5–12(f) which provide in part "[t]he court may ... order interest charges of not more than one and one-half percent (1½%) per month to be paid on any delinquent child support payment"; and (2) no interest may be awarded prior to September 1, 1983, the effective date of the statute.

In support of her claim of the amount of interest due, Mother submitted a fifteen-page columnar calculation sheet showing child support due in the amount of $20.00 per week beginning July 13, 1979 and carrying a balance forward for each succeeding week

through July 8, 1994. The columnar calculation also shows interest payments due beginning July 3, 1981. The first interest payment on that date totaled $7.20 based on a then outstanding support arrearage of $2,080.00. Succeeding interest payments due were then calculated on the basis of the outstanding support which also had been carried forward. The final interest payment on June 6, 1993 totaled $50.15 and was based on a then outstanding support arrearage of $14,-488.57. Father contends that if the interest amounts were consistent with the 1½% rate allowed by statute, then the July 1981 interest amount would have been greater than the June 1993 amount. Father then concludes that the calculations are in error by the approximate amount of $4,933.36.

■ We are unable to discern why Father believes that his proposed calculation method is appropriate while Mother's method is not.[2] In any event because we reverse based on the second prong of Father's two pronged attack we need not address his first argument. The effective date of Ind.Code § 31–1–11.5–12(f) was September 1, 1983. Prior to the statute's enactment there was no provision for interest in the context of delinquent child support payments. Here, interest payments were awarded to Mother beginning in 1981. This was error. We reverse the trial court on this issue and remand with instructions to recalculate the interest consistent with this opinion.

### V.

In a separate appeal which has been consolidated by order of this court, Father contends the trial court erred in awarding Mother appellate attorney fees. Taking the same position he took with respect to an award of interest and attorney fees in the first appeal, Father argues the trial court lacked subject matter jurisdiction to award appellate attorney fees. We have already addressed the subject matter jurisdiction issue and need

not discuss it further. Father also contends that the trial court's award of $2,500.00 in fees represented an abuse of discretion. In support Father points to evidence in the record reflecting his meager assets and substantial debt.

■ Attorney fees may be awarded in post-dissolution proceedings pursuant to Ind. Code § 31–1–11.5–16. As we have indicated elsewhere in this opinion reference to the dissolution proceedings in the annulment statute triggers the trial court's authority to award attorney fees in this case. The trial court has broad discretion in assessing attorney fees and reversal is warranted only when the trial court's award is clearly against the logic of the facts and circumstances before the court. *In re Marriage of Tearman*, 617 N.E.2d 974 (Ind.Ct.App.1993). In exercising its discretion, the trial court is presumed to have considered the resources of the parties, their economic condition, and their abilities to engage in gainful employment and earn adequate income. *Baker v. Baker*, 488 N.E.2d 361 (Ind.Ct.App.1986). Here, the trial court conducted an evidentiary hearing concerning the award of appellate attorney fees. The evidence included testimony from Mother and Father, and also included testimony from Mother's counsel demonstrating that fees in the amount of $4,000.00 would be appropriate. After weighing the evidence and judging witness credibility, the trial court awarded fees to Mother in the amount of $2,500.00. We find no abuse of discretion here.

Judgment affirmed in part, reversed in part, and this cause is remanded for further proceedings.

SHARPNACK, C.J., and RILEY, J., concur.

**2.** We observe in passing, however, that Mother's calculations do seem a bit curious, albeit for reasons different than Father suggests. Specifically, the outstanding support arrearage on July 3, 1981 totaled $2,080.00. One and one half percent interest on that amount equals $31.20 as opposed to the $7.20 which Mother requested. In a similar vein the outstanding support arrearage on June 5, 1993 totaled $14,488.57. One and one half percent interest on that amount equals $217.33 as opposed to the $50.15 which Mother requested. However, because Mother's calculations were likely prepared by those with expertise in this area which far exceeds that of this court, we are not prepared to say that the calculations are erroneous.