Shari **CALDWELL**, Appellant–
Petitioner,

v.

Bradley **BLACK**, Appellee–Respondent.

No. 02A03–9912–CV–450.

Court of Appeals of Indiana.

May 4, 2000.

James M. More, More & Miller, Fort Wayne, Indiana, Attorney for Appellant.

Larry L. Barnard, Timothy M. Pape, Miller Carson Boxberger & Murphy LLP, Fort Wayne, Indiana, Attorneys for Appellee.

## OPINION

BAKER, Judge.

Today we determine whether a parent must specifically request post-judgment interest once a child support arrearage is reduced to judgment. Appellant-petitioner Shari Caldwell challenges the trial court's denial of interest on the previously determined child support arrearage owed by appellee-respondent Bradley Black, arguing that she is entitled to have the arrearage treated as a judgment with interest at the current statutory rate of eight percent per annum from the date the arrearage was determined by the court.

## FACTS

The undisputed facts reveal that Caldwell and Black's marriage was dissolved on October 17, 1986. Under the dissolution decree, the parties were granted joint legal custody of their two minor children and a child support order was entered against Black in the amount of sixty-four dollars per week.

By order of the court, on February 21, 1992, Black was found in contempt of court and found to owe Caldwell back child support amounting to $18,433.00. Child support was also modified on that date to seventy-three dollars per week with an additional twenty-seven dollars per week to be applied to the arrearage. The arrearage remained largely unpaid for several years. Finally, on March 31, 1999,

Caldwell attempted to collect on the judgment through proceedings supplemental. In her motion, she sought $25,940.89, as of March 25, 1999, which included the arrearage, interest and court costs. The issue of accrual of interest on the arrearage was argued before the trial court on June 16, 1999 and taken under advisement. On June 21, 1999, the trial court entered the following order, denying Caldwell's claim for post-judgment interest:

> The Court, having taken this cause under advisement, now finds that, while it is sympathetic to the "interest on judgments" argument advanced by Petitioner, the law in this area is controlled by *In Re: The Marriage of Lynn L. Johnson and Herbert T. Johnson* (Ind. App. 1 Dist.1993), 625 N.E.2d 1331 and confirmed by *Lester Ray Cannon v. Suzanne Marie Cannon* (Ind.App.1997), 677 N.E.2d 566. These cases hold that interest on child support arrearages can only [sic] assessed by the court upon specific request. In this case, absent such a specific request, interest may not be assessed.

> The Court now directs the parties to present the Court with a stipulated current arrearage figure in accordance with this Order of the court and to advise the Court of any further required proceedings at this time.

Record at 34. Caldwell filed a motion to correct error on July 6, 1999 and a hearing was held on August 31. The trial court failed to rule on the motion and, therefore, the motion was deemed denied by operation of Ind. Trial Rule 53.3. Caldwell now appeals.

## DISCUSSION AND DECISION

 Caldwell argues that the cases relied on by the trial court do not apply in the instant case because she is seeking post-judgment interest rather than pre-judgment interest. Therefore, she contends that the general statute regarding interest on money judgments, IND.CODE

§ 24–4.6–1–101 (Interest on Money Judgments Statute),[1] applies. We agree.

The issue we confronted in *In re Marriage of Johnson*, 625 N.E.2d 1331 (Ind.Ct. App.1993) was whether the trial court could enter interest pursuant to IND.CODE § 31–1–11.5–12(f) (Interest on Delinquent Child Support Statute) on a child support arrearage absent a specific request. In that case, the trial court had awarded the custodial parent interest on the child support arrearage at a rate of one and one-half percent per month pursuant to the Interest on Delinquent Child Support Statute. The non-custodial parent challenged this award, arguing that the statute requires a specific request for interest and the custodial parent only requested "all other relief." *Id.* at 1333.

The Interest on Delinquent Child Support Statute, recodified at IND.CODE § 31–16–12–2,[2] provided as follows:

> The court may, upon a request by the person or agency entitled to receive child support payments, order interest charges of not more than one and one-half percent (1½%) per month to be paid on any delinquent child support payment. An application may be made by the person or agency whenever support payments are not made in accordance with the support order. . . .

With respect to this statute, we observed that "an interest award on delinquent child support is similar to an award of prejudgment interest. . . ." *Johnson*, 625 N.E.2d at 1333. However, we noted that the statute "modifies the common law of prejudgment interest in several ways." *Id.* Specifically, we recognized that while "[a]warding prejudgment interest is not generally a matter of discretion[,]" the statute "changes that common law rule by granting the trial court discretion to award interest on support arrearage and at what rate." *Id.* Further, we observed that while "[a]t common law, a request for general relief suffices to support an award of prejudgment interest[,]" the statute "specifically requires a request for interest." *Id.* From this, we reasoned that, by including an express provision that differed from the common law, the General Assembly intended to change the law. Therefore, we held that "[i]n order to obtain interest under [the Interest on Delinquent Child Support Statute], a parent must specifically request interest."[3] *Id.* As a result, we reversed the award of interest as contrary to law because the custodial parent had not specifically requested interest.

We acknowledge that our holding in *Johnson* precludes a custodial parent from recovering prejudgment interest on a

1. This statute provides as follows:

   Except as otherwise provided by statute, interest on judgments for money whenever rendered shall be from the date of the return of the verdict or finding of the court until satisfaction at:
   (1) the rate agreed upon in the original contract sued upon, which shall not exceed an annual rate of eight percent (8%) even though a higher rate of interest may properly have been charged according to the contract prior to judgment; or
   (2) an annual rate of eight percent (8%) if there was no contract by the parties.

2. The recodified version is substantially similar and provides in relevant part as follows:

   The court may, upon request by the person or agency entitled to receive child support payments, order interest charges of not

more than one and one-half percent (1½%) per month to be paid on any delinquent child support payment. The person or agency may apply for interest if support payments are not made in accordance with the support order. . . .

3. The other case cited by the trial court, *Cannon v. Cannon*, 677 N.E.2d 566, 568–70 (Ind. Ct.App.1997), *trans. denied,* also deals with "prejudgment" interest under the Interest on Delinquent Child Support Statute and not post-judgment interest. In *Cannon*, we held that a pre-existing request along with a pre-existing court order need not be in effect before a court may make an award of interest. Rather, "[t]he plain wording of Ind.Code 31–1–11.5–12(f) merely requires that a party make the request for interest at the time the party attempts to recover delinquent child support." *Id.* at 568.

child support arrearage absent a specific request under the Interest on Delinquent Child Support Statute. However, this does not address the issue of post-judgment interest. Unlike prejudgment interest, which according to common law may only be awarded in limited circumstances,[4] post-judgment interest is statutorily mandated for money judgments. Further, we find that the Interest on Money Judgments Statute and the Interest on Delinquent Child Support Statute can be harmonized. *State v. Wynne,* 699 N.E.2d 717, 718 (Ind.Ct.App.1998) (observing that when two statutes address the same subject matter, they are *in pari materia* and we strive to harmonize them wherever possible), *trans. denied.*[5] In particular, the Interest on Money Judgments Statute provides post-judgment interest, at the current statutory rate of eight percent per year, following a judicial determination of arrearage without the necessity of a specific request for interest. However, if the custodial parent specifically requests interest pursuant to the Interest on Delinquent Child Support Statute, the trial court has the discretion to grant post-judgment interest at a significantly higher rate of interest, up to one and one-half percent per month, on the arrearage.

In the instant case, Caldwell is seeking post-judgment interest, pursuant to the Interest on Money Judgments Statute, from the date the trial court determined Black's child support arrearage. Therefore, the trial court erred in applying *Johnson* to deny interest to Caldwell. We hold that while Caldwell did not make a specific request for interest under the Interest on Delinquent Child Support Statute, as a judgment creditor, she is still entitled to the general post-judgment interest rate, currently eight percent per year, as provided in the Interest on Money Judgment Statute.[6]

Judgment reversed and remanded for calculation of the deficiency to include interest at the statutory rate of eight percent from the February 21, 1992 judicial determination of arrearage.

RILEY, J., and KIRSCH, J., concur.

---

**4.** Specifically, "[p]rejudgment interest may only be awarded when the amount of damages is ascertainable in accordance with fixed rules of evidence and accepted standards of valuation and is the result of mere computation." *Rollins Burdick Hunter of Utah, Inc. v. Bd. of Trustees of Ball State Univ.,* 665 N.E.2d 914, 923 (Ind.Ct.App.1996).

**5.** We are aware that when general and specific statutes conflict in their application to a particular subject matter, the specific statute will prevail over the general statute. *World-Com Network Services, Inc. v. Thompson,* 698 N.E.2d 1233, 1239 (Ind.Ct.App.1998), *trans. denied.* However, we need not apply this rule of statutory construction in the instant case because we find that the statutes do not necessarily conflict.

**6.** We recognize that I.C. § 31–16–16–2 provides that a delinquent payment that is required by a child support order shall be treated as a judgment against the obligor for the delinquent amount. However, our holding in the instant case does not, as Black cautions, render the Interest on Delinquent Child Support Statute a nullity by requiring interest pursuant to the Interest on Money Judgments Statute, currently at eight percent, in all cases where child support is delinquent. This is because the Interest on Money Judgments Statute only provides for statutory interest on money judgments "from the date of the return of the verdict or finding of the court until satisfaction...." Therefore, the Interest on Delinquent Child Support Statute still applies to delinquent support payments prior to a finding by the trial court.