901 N.E.2d 67 (2009)
In the PATERNITY OF L.F.C.
James Q. Calloway, Appellant-Respondent,
v.
Lisa D. Freismuth, Appellee-Petitioner.
No. 79A05-0806-JV-366.
Court of Appeals of Indiana.
February 17, 2009.
*68 Daniel J. Moore, Laszynski & Moore, Lafayette, IN, Attorney for Appellant.
Lisa V. Schrader, Lafayette, IN, Attorney for Appellee.

OPINION
RILEY, Judge.

STATEMENT OF THE CASE
Appellant-Respondent, James Calloway (Father), appeals the trial court's Order establishing Father's delinquency with respect to court ordered child support and medical expenses.
We affirm in part, reverse in part, and remand.

ISSUE
Father raises one issue on appeal, which we restate as follows: Whether the trial court abused its discretion when it determined the interest amount and applicable start dates on the court ordered child support and medical expenses to be paid to *69 Appellee-Petitioner, Lisa D. Freismuth (Mother).

FACTS AND PROCEDURAL HISTORY
Mother and Father are the parents of L.F.C., born on September 24, 2000. On July 11, 2001, after a hearing, the trial court established that the parties had come to an agreement with regard to child support, whereby Father was ordered to pay $300.00 per week in child support, in addition to $4,000.00 of back support to be paid within 90 days as well as 75% of the birth expenses. The trial court also ordered the parties to submit a proposed order for the trial court's signature. On May 3, 2002, in an order titled "Order for July 10, 2001,"[1] the trial court reiterated the provisions of its previous hearing with regard to child support and back support, along with a provision for Father to reimburse Mother for birth expenses in the amount of $2,657.00 within 30 days.
On July 13, 2001, Father began making regular support payments as ordered. On September 15, 2001, father unilaterally reduced his payments to $150.00 per week and on December 9, 2002, he further reduced his support to $105.00 per week. On June 23, 2003, Mother filed a Verified Petition to Cite for Contempt of Court for failure to pay support and to pay interest on any arrearage at a rate of 1.5% per month. On May 19, 2005, the trial court ruled that Father was $31,692.00 in arrears, which included a support arrearage of $25,035.00, the back support of $4,000.00 and the previously ordered medical expenses in the amount of $2,657.00. In addition the trial court ordered that Mother was entitled to interest on the support arrearage pursuant to I.C. § 31-16-12-2 at a rate of 1.5% interest per month.
On August 17, 2005, Mother filed a new Verified Petition to Cite for Contempt, alleging that Father willfully refused to comply with the trial court's order of May 19, 2005. On October 12, 2005, the trial court determined Father to be in contempt and decided that Mother is entitled to interest on all delinquent support at 1.5% per month and 8% per annum on medical expenses not paid by Father as ordered by the trial court.
Father ceased paying support in June of 2007, and on August 7, 2007, Father paid a lump sum of $15,600.00. On January 3, 2008, Mother filed a Petition for Contempt. Father paid no support between August 7, 2007, and the trial court's hearing on Mother's petition on April 21, 2008. On May 21, 2008, the trial court entered its Order, specifying
1. Interest was owing on medical expenses at the rate of 8% per annum from August 10, 2001 through October 11, 2005 on a principal amount of $2,657.00.
2. The Father has not paid Dr. Greene's fees in the amount of $2,168.75, and owes interest thereon at the rate of 8% per annum from October 27, 2006 through the date of the hearing, April 21, 2008, and thereafter, for a total amount of interest due as of April 21, 2008 in the sum of $257.64.
3. Interest is due on the first arrearage [] in the amount of $4,000.00 at a rate of 18% per annum from October 10, 2001 through the date of payment of May 25, 2005 for a total amount of interest due of $2,613.70
4. Interest is owing on the support arrearage [] in the sum of $25,035.00 at a rate of 18% per annum from [the May *70 19, 2005 order] to the date of payment of October 11, 2005 for a total amount interest owing in the amount of $7,978.34.
5. Interest is owing on delinquent support from [the May 19, 2005 order] to the date of the hearing on April 21, 2008 at the rate of 18% per annum in the total amount of $1,359.64.
6. The [F]ather has overpaid current support in the amount of $9,083.00 which sum is available to be applied to the aforesaid amounts due.
7. Interest continues to accrue on Dr. Greene's fees at the rate of $0.48 per day.
8. The [F]ather's contempt was willful and the [F]ather shall pay the wife's attorney fees in the sum of $1,750.00 within thirty days hereof.
...
10. The [c]ourt finds that as of the April 21, 2008 hearing date the sum of $6,182.58 is due, of which $2,168.75 is due for the [F]ather's portion of Dr. Greene's fees, and the remainder is due as interest.
It is therefore ORDERED that the [F]ather shall pay the principal and interest due in the amount of $6,182.58 within thirty days hereof, together with attorney fees in the amount of $1,750.00.
(Appellant's App. pp. 99-101).
Father now appeals. Additional facts will be provided as necessary.

DISCUSSION AND DECISION
Father disputes the trial court's various interest calculations and asserts that the trial court improperly awarded interest on four separate amounts. Interest on child support orders is governed by the Interest on Delinquent Child Support Statute, Indiana Code section 31-16-12-2, which provides that:
The court may, upon a request by the person or agency entitled to receive child support payments, order interest charges of not more than one and one-half percent (1½%) per month to be paid on any delinquent child support payment. The person or agency may apply for interest if support payments are not made in accordance with the support order. Accrued interest charges may be collected in the same manner as support payments under I.C. [§] 31-16-9.
Harmonizing the Interest on Delinquent Child Support Statute with the Interest on Money Judgments Statutes, codified in Ind. Code. § 24-4.6-1-101,[2] we held that the latter statute provides post-judgment interest, at the current statutory rate of 8% per year, following a judicial determination of arrearage without the necessity of a specific request for interest. Caldwell v. Black, 727 N.E.2d 1097, 1100 (Ind.Ct. App.2000). However, if the custodial parent specifically requests interest pursuant to the Interest on Delinquent Child Support Statute, the trial court has discretion to grant post-judgment interest at a significantly higher rate of interest, up to 1.5% per month, on the arrearage. Id.
*71 First, Father contends that the trial court abused its discretion by awarding 18% on the arrearage of $25,035.00 from the May 19, 2005 order until the date of payment on October 11, 2005. We disagree. In her petition of June 23, 2003, Mother requested the trial court to order Father to pay his child support and to pay interest on any arrearage under the Delinquent Child Support Statute at a rate of 1.5% per month. In its order of May 19, 2005, the trial court ruled that Father was $31,692.00 in arrears, which included a support arrearage of $25,035.00, the back support of $4,000.00 and prior ordered medical expenses in the amount of $2,657.00. In addition, the trial court ordered that Mother was entitled to interest on the support arrearage pursuant to I.C. § 31-16-12-2 at a rate of 1.5% interest per month. Father disregarded this order and did not pay. Again, Mother filed a contempt citation in August of 2005. On the morning of the hearing of October 11, 2005, Father paid the arrearage. Thus, in its Order of May 21, 2008, the appealed Order, the trial court merely reiterated the May 19, 2005 order with regard to the interest until the date the arrearage was actually paid. We do not find that the trial court abused its discretion.
Next, Father contends that the trial court improperly ordered him to pay 18% interest on the $4,000.00 support arrearage from October 10, 2001, through May 25, 2005, the date of payment. The record reflects that the trial court in its order of July 10, 2001, ordered Father to pay $4,000.00 in back support. According to the provisions of this order, this arrearage became due 90 days from the date of the order. In Mother's petition of June 23, 2003, she requested the trial court to impose payment of this back support, increased by interest on the arrearage pursuant to I.C. § 31-16-12-2 at a rate of 1.5% interest per month. In its order of May 19, 2005, the trial court mandated Father to pay the back support, increased by interest of 18% per year. Although Father paid the principal on May 27, 2005, he never paid the interest ordered. We agree with Father that the 18% interest is a post-judgment interest and can only be imposed when a specific request for this interest rate has been made. See Caldwell, 727 N.E.2d at 1100. As such, this particular interest rate can only apply from May 19, 2005, the trial court's order, until May 27, 2005.
However, the back support was calculated and included in the trial court's order entitled "Order for July 10, 2001" and signed May 3, 2002. The transcript of this hearing clearly indicates that the parties had come to an agreement with regard to child support as reflected in the terms of the order. In fact, Father commenced paying regular child support from that date onwards. As such, we conclude that the parties intended to be held to the agreement from the date of the hearing. Because the back support was agreed upon and imposed during the July hearing, we find that the normal 8% post judgment interest should apply from July 11, 2001, until May 19, 2005, when the trial court applied the 18% interest rate. See I.C. § 24-4.6-1-101. Therefore, we remand to the trial court to calculate the interest on the $4,000.00 back support as set forth herein.
Lastly, Father argues that the trial court abused its discretion when it ordered that the interest on the medical expenses was owed from August 10, 2001. Specifically, Father contends that because the order entitled July 10, 2001 was not signed until May 3, 2002, the interest on these medical expenses should not start to run until thirty days from the date of signature. We disagree. As we discussed *72 above, the parties clearly intended the provisions of the order to run immediately after the hearing. This is evidenced by the fact that Father did not wait to pay child support until the signed order was issued, but instead commenced payment at once. Therefore, the trial court did not abuse its discretion by calculating the interest starting thirty days from July 11, 2001.[3]

CONCLUSION
Based on the foregoing, we conclude that the trial court did not abuse its discretion in calculating the interest owing on the $25,035.00 child support and on the medical expenses. We reverse the trial court with regard to the interest owing on the $4,000.00 back support and remand with instructions to calculate 8% interest from July 11, 2001, until May 19, 2005, and 18% interest from May 19, 2005, until May 25, 2005.
Affirmed in part, reversed in part and remanded for further proceedings.
DARDEN, J., and VAIDIK, J., concur.
NOTES
[1] We recognize that although the hearing took place on July 11, 2001, the trial court's order is titled "July 10, 2001." For consistency's sake, we will refer to the order as the July 10, 2001 order.
[2] Indiana Code section 24-4.6-1-101 reads as follows:

Except as otherwise provided by statute, interest on judgments for money whenever rendered shall be from the date of the return of the verdict or finding of the court until satisfaction at:
(1) the rate agreed upon in the original contract sued upon, which shall not exceed an annual rate of eight percent (8%) even though a higher rate of interest may properly have been charged according to the contract prior to judgment; or
(2) an annual rate of eight percent (8%) if there was no contract by the parties.
[3] We note that Mother requests "damages and reasonable attorney fees pursuant to Appellate Rule 66 E." (Appellee's Br. pp. 9-10). We find that Mother waived this argument as her request is not supported by cogent argument or references to the appendix or record. See Ind. Appellate Rule 46(A)(8).