JAMES L. HEGEDUS *v.* ELEANOR HEGEDUS

[No. 1-778A195. Filed December 26, 1978.]

*R. Jerome Kearns, James R. Walker*, of Terre Haute, for appellant.

*Verl G. Miller, Bauer, Miller & Bauer*, of Terre Haute, for appellee.

ROBERTSON, J. — Plaintiff-appellant James R. Hegedus appeals the trial's dismissal of his petition for rule to show cause why defendant-appellee Eleanor Hegedus should not be held in contempt[1] for prohibiting appellant from visiting his child. Whether the trial court erred in sustaining appellee's motion to dismiss is the issue at hand.

On January 16, 1974, James Hegedus amended his complaint for dissolution by filing an amended complaint for declaration of a void marriage. The trial court entered the following decree:

## "JUDGMENT OR DECREE

Plaintiff appears in person and by counsel. Defendant having been duly served failed to appear herein in person or by counsel. More than 60 days having elapsed since the filing of this cause, the same is now submitted to the Court for trial. The court now being advised in the premises finds:

1. That all the allegations contained in plaintiff's complaint as amended are true and that the purported marriage entered into by the plaintiff and defendant was void from its inception and that the parties were never in fact legally married for the reason that

---

1. Contempts are of two kinds, direct and indirect. Direct contempts are those committed in the immediate view or presence of the court which obstruct the course of the proceedings. Indirect contempts arise from matters not occurring in the presence of the court, but which obstruct or defeat the administration of justice such as failure or refusal of a party to obey a court order, injunction or decree.

Contempts are also categorized as civil and criminal. A civil contempt is an offense against the party in whose behalf the court's mandate was issued. Criminal contempts, however, are against the dignity of the court and punished by fine or imprisonment. BLACK'S LAW DICTIONARY 390 (4th ed. rev. 1968).

at the time of entering into the purported marriage, the defendant was in fact lawfully married to another person in another marriage union and that said defendant's husband was at said time living.

2. That during the time plaintiff and defendant were living and cohabiting together there was born a minor child namely, James L. Hegedus, II, and that said child was born May 20, 1970, in Terre Haute, Vigo County, State of Indiana.

IT IS THEREFORE, CONSIDERED, ADJUDGED AND DECREED by the Court as follows:

1. That plaintiff, James L. Hegedus, is not and has never been legally married to the defendant herein.

2. That the purported marriage entered into by plaintiff and defendant is void and that plaintiff is single and unmarried under the law.

3. That during the union of the plaintiff and the defendant, there was born a male minor child one, James L. Hegedus, II, and that said child was born May 20, 1970, in Terre Haute, Vigo County, State of Indiana.

4. That plaintiff shall pay the costs of this action taxed at $26.00."

Appellant initiated a contempt proceeding by filing a petition for rule to show cause on June 9, 1977. A hearing was held on July 8, 1977, at which appellee moved to dismiss the petition. The trial court sustained the motion and appellant appeals that judgment.

Appellant argues that if a judgment declares a marriage to be void and recognizes that a child was born of that marriage, but fails to expressly provide for custody or visitation of the child, then that judgment impliedly recognizes the visitation rights of the non-custodial parent. Therefore, by violating this implied order, the appellee is guilty of indirect civil contempt.

Appellant relies heavily on *Marshall v. Reeves* (1974), 262 Ind. 107, 311 N.E.2d 807. In that case, the Indiana Supreme Court held:

". . . even though the decree is silent concerning the question of removing the child from the continuing jurisdiction of the trial court, to give full force and effect to said decree, such

removal can only be made with prior judicial sanction, either by agreement . . . , or after due hearing before the court." 262 Ind. at 117, 311 N.E.2d at 813.

However, since the original divorce decree in *Marshall* addressed the issues of custody and visitation and granted specific visitation rights, that case is easily distinguished from the case at bar. The judgment in this case completely avoided these important and essential issues, and instead, only recognized the birth and existence of the child. The scope of the order did not extend far enough. We do not decide the appellant's right to visitation; that is not the issue before us. Appellant's apparent remedy would be to petition the trial court to modify the decree declaring the marriage void. Under the present situation, appellee has violated no court order — actual or implied — and therefore, has not evinced contemptuous behavior. Finding no evidence of contempt, the judgment is affirmed.

Affirmed.

Lybrook, P.J. and Lowdermilk, J., concur.

NOTE—Reported at 383 N.E.2d 446.