**In re the Marriage of Artry WILLIAMS, Wife, Appellant (Petitioner Below)**

v.

**Edward WILLIAMS, Husband, Appellee (Respondent Below)**

**No. 3–283A53.**

Court of Appeals of Indiana, Third District.

March 20, 1984.

Rehearing Denied May 3, 1984.

John Hovanec, Gary, for appellant.

Bessie M. Taylor, Meacham & Taylor, Gary, for appellee.

HOFFMAN, Judge.

Artry Williams filed a petition for a dissolution of her marriage. At this time she also filed a petition for provisional orders requiring her husband to pay maintenance and child support. The trial court granted wife's petition for provisional orders and awarded her attorney fees.

Husband failed to comply with the provisional orders, and the wife filed a petition to have husband found in contempt. The trial court cited husband for contempt. Subsequently, the husband filed a motion to dismiss the wife's dissolution petition for failure to state a claim upon which relief could be granted. Both parties submitted affidavits in which they admitted they had never completed or filed a marriage license. Husband's motion was granted; wife appeals.

Two issues are presented for review:

(1) whether the trial court erred in granting husband's motion to dismiss; and

(2) whether the trial court erred in denying wife's request of attorney fees without a hearing.

While the husband's motion was entitled a motion to dismiss for purposes of review, it shall be considered a summary judgment due to the fact that, in ruling upon the motion, the trial court considered additional evidence beyond the mere pleadings. *Lane v. Barringer*, (1980) Ind.App., 407 N.E.2d 1173. When reviewing a trial court's grant of summary judgment, this Court will consider the evidence most favorable to the non-movant. The Court must determine the trial court correctly applied the law and that no genuine issue of material fact was present. If that be the case the trial court's grant of summary judgment shall be upheld. *Wallace v. Indiana Ins. Co.*, (1981) Ind.App., 428 N.E.2d 1361.

The law in this state is clear. Anyone wishing to be married must obtain a marriage license from the clerk of the county of his or her residence, IND.CODE § 31–1–1–3. The evidence in the case at bar establishes without contradiction that the Williams failed to obtain a marriage license. Artry Williams presents this Court with a lengthy argument replete with citation to numerous foreign authority imploring the Court find a marriage in fact if not in law.

Had the parties brought their action prior to 1958, wife would have prevailed since at that time Indiana law specifically provided:

"When marriage valid.—No marriage shall be void or voidable for the want of license or other formality required by law, if either of the parties thereto believed it to be a legal marriage at the time."

Burns Ann.Stat. § 44–302.

However, the Legislature subsequently expressly repealed this law in Acts 1957, ch. 78 § 2 effective January 1, 1958. At the same time the Legislature enacted legislation rendering all common-law marriages in Indiana null and void when entered into subsequent to January 1, 1958. The statute prohibiting common-law marriages has since been readopted as IND.CODE § 31–1–6–1.

■ The parties in the case at bar were "married" in 1968. Consequently, they fall

within the purview of IND.CODE § 31–1–6–1. The parties' failure to obtain a license would not have rendered their marriage void prior to 1958. However, the Legislature's repeal of the statute validating such marriages and simultaneous enactment of a statute prohibiting common-law marriage is a clear expression of intent not to recognize marriages such as the Williams'.

Since the parties did not enter into a legally recognized marriage, the trial court lacked subject-matter jurisdiction. A trial court cannot dissolve a marriage that is not a marriage because it is already void. Thus the trial court properly granted summary judgment in favor of the husband.

 Next, the court addresses the wife's argument the trial court erred in refusing to award her attorney fees without even having a hearing on the matter. The Court would first note that generally, a party may be awarded attorney fees only when the parties so stipulate or they are provided for by statute.[1] There was no stipulation to that effect entered into by the parties to the case at bar.

 The statute providing for the award of attorney fees applicable to the case at bar is IND.CODE § 31–1–11.5–16. Interestingly enough this statute appears in the chapter entitled "Dissolution of Marriage." Logically if the trial court lacks jurisdiction to dissolve a marriage because no marriage exists, then this statute is not applicable and the wife has no right to an award of attorney fees. Further, the grant or denial of a request for an award of attorney fees rests in the sound discretion of the trial court and will be reversed only for an abuse thereof. *Taylor v. Taylor*, (1982) Ind., 436 N.E.2d 56. This Court fails to find any apparent abuse of discretion by the trial court.

For the reasons stated above the decision of the trial court is affirmed.

Affirmed.

STATON, P.J., and GARRARD, J., concur.

---

1. There are some exceptions to this general rule; however, they are not applicable to the facts in this case. *See Cox v. Ubik*, (1981) Ind.App., 424 N.E.2d 127.