**Delores F. RANCE, Appellant–Respondent/Cross Petitioner Below,**

v.

**Arthur L. RANCE, Appellee–Petitioner/Cross Respondent Below.**

**No. 46A03–9102–CV–44.**

Court of Appeals of Indiana, Third District.

Feb. 26, 1992.

Marilyn Eve Hrnjak, Merrillville, for appellant-respondent/cross petitioner.

Stephen A. Kray, LaPorte, for appellee-petitioner/cross respondent.

STATON, Judge.

Delores Rance appeals the denial of a motion to correct errors whereby she sought various modifications of a dissolution decree. She presents five issues for our review, which we consolidate and restate as three:

    I.  Did the trial court err in refusing to modify the provisions of the Rance dissolution decree concerning property division, spousal support and child support?

    II.  Did the trial court err in refusing to award Delores attorney fees?

    III.  Did the trial court erroneously fail to order the payment of a support arrearage?

We affirm.

On April 24, 1989, Arthur Rance filed a petition for dissolution of marriage in which he averred that he and Delores were married on August 30, 1962 and that two children were born to the marriage. On November 9, 1989, Arthur's petition for dissolution was granted.[1] Delores subsequently petitioned for relief from the judgment and on February 15, 1990, the trial court vacated the dissolution decree. On May 29, 1990, the court issued a second dissolution decree.

Delores retained new counsel and filed a motion to correct errors which alleged that her marriage to Arthur was bigamous. Attached to the motion to correct errors were documents certified by the Clerk of the Circuit Court of Cass County, Indiana. The certified documents disclosed that Arthur and Ruth Rance were married on November 30, 1957 and divorced on May 17, 1965. Nevertheless, Delores requested various modifications of the decree which purportedly dissolved her bigamous marriage.

On September 24, 1990, the trial court heard argument of counsel concerning the motion to correct errors. Delores argued that, according to the "policy" embodied in the Indiana Dissolution Act, she was entitled to favorable modifications of the dissolution decree entered May 29, 1990. Record, p. 151. Arthur responded that his purported marriage to Delores was null and void pursuant to IND.CODE 31–7–6–1. He argued that the trial court lacked subject matter jurisdiction to grant the requested modifications of a decree purportedly dissolving a void marriage.

On October 23, 1990, the trial court issued an order providing in pertinent part:

    "[T]he Court having heard the evidence and argument of counsel and being duly advised in the premises now finds that the marriage of the parties on August 30, 1961 [sic], was a void marriage and of no legal consequence.

.    .    .    .    .

IT IS THEREFORE, ORDERED ADJUDGED AND DECREED by the Court as follows:

    1.  That the judgment entered on May 29, 1990 is set aside and vacated and the records of all of the proceedings in this case are ordered expunged from the records of this Court."

Record, pp. 81–82.

This appeal ensued.

## I.

### *Denial of Requested Modifications to Dissolution Decree*

IND.CODE 31–7–6–2 provides: "Bigamous marriages.—A marriage is void if either party to the marriage had a wife or husband who was living when the marriage was solemnized." A bigamous marriage is void without legal proceedings. I.C. 31–7–6–1. Parties who were never legally married cannot be legally divorced. *Van Winkle v. Van Winkle* (1954) 124 Ind.App. 626, 118 N.E.2d 389, (in banc), *trans. denied.*

It is undisputed that Arthur Rance married Ruth Rance on November 30, 1957.

---

1. The dissolution decree was granted in the absence of Delores and her attorney. Delores' attorney, who had previously entered an appearance on Delores' behalf and filed a cross-petition for dissolution, presented evidence to the court that he was involved in an automobile accident on the date of the dissolution hearing.

This marriage was dissolved on May 17, 1965, almost three years after Arthur "married" Delores. While Delores concedes that the trial court properly adjudged her marriage void, she contends that the trial court's denial of her motion to correct errors contravened the best interests of her children, ages 21 and 18.

Pursuant to IND.CODE 31–7–8–3, an action to determine whether a child was born in wedlock may be commenced in the circuit or superior court of a county in which either party to a bigamous marriage resides. The court shall hold a hearing on the petition and make a determination on the issue of whether the child was "born in wedlock." Where a party to a bigamous marriage establishes that he or she did not reasonably believe that either party had a living spouse, the children of the bigamous marriage (conceived before the discovery of the living spouse) shall be treated as if they were children of a marriage that is not void. IND.CODE 31–7–8–2(2).

Pursuant to IND.CODE 31–1–11.5–12, a parent may be ordered to pay any amount reasonable for the support of an unemancipated child who was born in wedlock. An unemancipated child who was born out of wedlock may receive child support pursuant to IND.CODE 31–6–6.1–13, upon establishment of paternity. Therefore, we reject Delores' contention that the trial court's denial of her motion to correct errors left her children without a means of obtaining child support.

Delores also argues that, assuming her marriage to Arthur was void, the trial court should have ordered equitable relief equivalent to that available under dissolution statutes. Specifically, Delores claims that she, as a party to a 29 year "marriage relation," is equitably entitled to spousal maintenance, health insurance and a portion of Arthur's pension benefits.

Although our legislature has provided that (under certain circumstances) children born of a bigamous marriage may be treated as children "born in wedlock," no companion statute has been enacted whereby a party to a bigamous marriage may be treated as a "spouse." If a trial court lacks subject matter jurisdiction to dissolve a marriage because the marriage is nonexistent, the court also lacks subject matter jurisdiction to order relief predicated upon dissolution statutes. *Williams v. Williams* (1984), Ind.App., 460 N.E.2d 1226, 1228, *trans. denied.*

Although Delores is not entitled to remedies which by statute are unique to a spouse, she may nevertheless seek an equitable division of property acquired through the joint efforts of herself and Arthur. *See Sclamberg v. Sclamberg* (1942), 220 Ind. 209, 41 N.E.2d 801 (although the purported marriage was void and the trial court was powerless to decree a divorce or award alimony, the court could settle the property rights acquired during the "marriage relation"). Where a judgment declaring a purported marriage void is silent on an essential issue, the proper remedy is to petition the trial court to modify the decree declaring the marriage void. *Hegedus v. Hegedus* (1978), 178 Ind. App. 620, 623, 383 N.E.2d 446, 448.

The trial court properly determined that it lacked subject matter jurisdiction to amend a decree purportedly dissolving a void marriage. The trial court may, however, upon petition of one of the parties, amend its order declaring the Rance marriage void to include provisions concerning property distribution, child support and visitation.

## II.

### *Attorney Fees*

Delores next contends that the trial court abused its discretion in failing to award her attorney fees. In *Williams, supra,* this court considered an appellant's claim that attorney fees might be awarded to a party to a void marriage:

"The statute providing for the award of attorney fees applicable to the case at bar is IND.CODE § 31–1–11.5–16. Interestingly enough this statute appears in the chapter entitled 'Dissolution of Marriage.' Logically if the trial court lacks jurisdiction to dissolve a marriage because no marriage exists, then this statute is not applicable and the wife has no

right to an award of attorney fees. Further, the grant or denial of a request for an award of attorney fees rests in the sound discretion of the trial court and will be reversed only for an abuse thereof. *Taylor v. Taylor,* (1982) Ind., 436 N.E.2d 56."

*Id.* at 1228.

Likewise, Delores had no right to an award of attorney fees under the Dissolution of Marriage Act.[2]

### III.

#### Support Arrearage

Finally, Delores contends that a support arrearage has accumulated during two time periods: (1) the three months following the vacation of the first dissolution decree but before the second dissolution decree and (2) the months following the vacation of the second dissolution decree. She contends that a provisional order requiring Arthur to pay $600.00 per month as "support and maintenance" was reactivated during the foregoing time periods.

IND.CODE 31–1–11.5–7(f) provides that a provisional order shall terminate when the final decree is entered or when the petition for dissolution or legal separation is dismissed. An order for the payment of temporary support to a spouse "merges" in the final judgment. Where the judgment is set aside, the temporary support order merged therein is also set aside. A party seeking temporary support must then request a new support order. *Welling v. Welling* (1971), 257 Ind. 120, 130, 272 N.E.2d 598, 604.

At Delores' instance, the trial court vacated the dissolution decree issued No-

vember 9, 1989. Upon her presentation of certified (and uncontroverted) documents establishing that her purported marriage to Arthur was void from its inception, the trial court vacated the dissolution decree issued May 29, 1990. Having caused the trial court to set aside its prior orders, Delores failed to request an interim support order. Moreover, an order granting spousal support would have been predicated upon a dissolution statute. Inasmuch as the purported Rance marriage was void, the trial court lacked subject matter jurisdiction to order this relief. *See Williams, supra.*

The trial court's denial of Delores' motion to correct errors is affirmed.

GARRARD and SHARPNACK, JJ., concur.

---

2. Delores also argues that she and Arthur stipulated that Arthur would pay her attorney fees. The parties agreed that Arthur would pay $300.00 to Delores' first attorney (John Skinner) prior to September 13, 1989. Record, p. 28. The parties do not inform us whether Arthur paid Attorney Skinner $300.00. The agreement

was incorporated into a provisional order, which merged into the initial dissolution decree. When the decree was set aside, the provisional order was also set aside. See Issue III, *infra.*

