**In re the Marriage of Doyle E. DILLON, Appellant–Respondent,**

v.

**Janet M. DILLON, Appellee–Petitioner,**

**No. 44A04–9802–CV–91.**

Court of Appeals of Indiana.

June 22, 1998.

Hugh N. Taylor, Hugh N. Taylor, P.C., Auburn, for Appellant–Respondent.

## OPINION

HOFFMAN, Judge.

Appellant-respondent Doyle E. Dillon appeals the trial court's order dissolving his marriage to appellee-petitioner Janet M. Dillon. The order included a finding that, although no provisional orders were entered, Doyle failed to pay child support in the agreed amount while the petition for dissolution was pending. Thus, the trial court's final order *inter alia* required Doyle to pay the agreed amount up to the time when he lost his job. The evidence relevant to review is recited below.

The parties were married in 1981. Janet had a son, S.D., at the time of the marriage. Doyle adopted S.D. One child, K.D., was born of the marriage. K.D. was born in 1981. In November 1994, Janet filed her petition for dissolution of the marriage.

In pertinent part, the final decree provides:

There was no provisional order governing support in this case, however, it appears that the parties had negotiated an agreement under the terms of which the Husband would pay the sum of $140.16 per week for the support of the minor children. That agreement was entered into on or about November 10, 1994. The Husband did in fact make a number of payments at the $140.16 level. He then, unilaterally, cut the payments in half. This occurred at or about the time that he sought to set aside the adoption of [S.D.]. Finally, in September of 1996, the Husband, after losing his job, began making payments in whatever amounts he felt he could afford. The Wife asked the Court to determine the Husband's arrearage in payments, and the Husband claims that he has no arrearage and, in fact, there cannot be one since there was no Court order directing him to make specific support payments.

It is the opinion of the Court that the agreement of the parties relating to temporary support is binding between them even absent a Court order. The agreement appears to have been based upon the parties' respective incomes at the time that the dissolution was filed. Accordingly, at least until such time as the Husband lost his job in September of 1996, he was obligated to pay the sum of $140.16 per week for support. A review of the Court's records indicates that between November 10, 1994 and September 24, 1996 the Husband's support payments totalled $9,320.64. The payments due total $13,735.68. Accordingly, as of the time the Husband lost his job, he was in arrears in support in the amount of $4,415.04.

Since the support agreement was based upon the parties' incomes at the time that it was entered into, it seems fair to allow that the agreement could be modified upon a change in circumstances. Accordingly, at the time the Husband lost his job the circumstances changed and the amount of support could have been modified between the parties. Since the parties did not reach a new agreement, and since neither sought to have the Court establish an amount of support, it cannot be said that the Husband's payment of what [he] felt he could afford was a violation. Accordingly, since the time he lost his job, the Husband cannot be found to be further in arrears, and the Court finds that the Husband is in

arrears in support payments as of January 21, 1997 in the total amount of $4,415.04.

In the final decree, the court went on to set Doyle's support payments in the amount of $137.02 per week for three months. After the three-month period, Doyle's support payments would increase to $140.41 per week. The parties' agreement as to the property settlement was incorporated into the final decree. Further, visitation was set and Janet was awarded a protective order. This appeal ensued.

■ On appeal, Doyle questions only the trial court's finding of a child support arrearage for the provisional period based upon the parties' agreement rather than an order of the court. At the outset, it should be noted that trial courts are vested with broad discretion in ruling on child support. *See Perri v. Perri,* 682 N.E.2d 579, 581 (Ind.Ct.App.1997). The trial court's decision will be reversed only where it is clearly erroneous, that is against the logic and effect of the facts and circumstances before the court. *Perri,* 682 N.E.2d at 581.

At the time the final decree was entered in August 1997, the former statutes regarding dissolution proceedings had been repealed, re-enacted and amended. The former statute regarding provisional orders, IND.CODE § 31–1–11.5–7 (repealed P.L. 1–1997, Sec. 157), was replaced by IND.CODE §§ 31–15–4–1 through 31–15–4–16 (added P.L. 1–1997, Sec. 7).

■ In general, provisional orders terminate when a final decree is entered or when a petition for dissolution or legal separation is dismissed. *Rance v. Rance,* 587 N.E.2d 150, 153 (Ind.Ct.App.1992); *see* IND. CODE § 31–1–11.5–7(f) (repealed) and IND. CODE § 31–15–4–14 (added P.L. 1–1997, Sec. 7). An order setting temporary spousal or child support "merges" into the final decree. *Rance,* 587 N.E.2d at 153. " The terms of a provisional order may be revoked or modified before the final decree on a showing of the facts appropriate to revocation or modification." IND.CODE § 31–15–4–15.

Although the parties never requested court approval of the provisional child support

amount, the trial court noted that the parties reached an agreement as to the amount of $140.16 per week. Initially, Doyle paid the agreed amount to the clerk of the court. Doyle then unilaterally stopped paying the full amount ostensibly to contest the adoption of S.D. Then after Doyle lost his job, he began paying amounts which he felt he could afford.

A newly enacted statute within the framework of dissolution proceedings provides:

**Agreements**

(a) To promote the amicable settlements of disputes that have arisen or may arise between the parties to a marriage attendant upon the dissolution of their marriage, the parties may agree in writing to provisions for:

(1) the maintenance of either of the parties;

(2) the disposition of any property owned by either or both of the parties; and

(3) the custody and support of the children of the parties.

(b) In an action for dissolution of marriage:

(1) the terms of the agreement, if approved by the court, shall be incorporated and merged into the decree and the parties shall be ordered to perform the terms; or

(2) the court may make provisions for:

    (A) the disposition of property;

    (B) child support;

    (C) maintenance; and

    (D) custody;

as provided in this title.

. . .

IND.CODE § 31–15–2–17 (1997 Supp.).

■ The provisions of the statute on agreements reflect the legislature's intent to allow parties to forge agreements without court intervention in an effort to minimize contentious issues. It is counter to contract law and interpretation to require agreements to become court orders before they may be enforced. While parties are generally free to agree or contract in the manner they choose,

*see Fresh Cut, Inc. v. Fazli,* 650 N.E.2d 1126, 1129 (Ind.1995) (Indiana court recognizes parties' freedom to contract and presume contracts represent freely bargained agreement), within the framework of child support the parties are limited by the best interests of the children and cannot contract away support rights. *See Schrock v. Gonser,* 658 N.E.2d 615, 616 (Ind.Ct.App.1995) (agreement to forego child support unenforceable; parent has no right to contract away child's support benefits).

Here, the parties' child support agreement did not violate the rights of the children and was consistent with the purpose of the statutes regarding dissolution related agreements. Additionally, although Doyle suggests that some inequity in the agreed support amount may have existed,[1] the evidence discloses that the agreed support amount falls within a few dollars of the support ordered in the final decree based upon the Indiana Child Support Guidelines.

The judgment of the trial court is affirmed.

Affirmed.

DARDEN and GARRARD, JJ., concur.

---

1. It is noteworthy that provisional orders are appealable interlocutory orders as a matter of right. Thus, appeal of provisional orders is waived at the time of the final judgment. *Burbach v. Burbach,* 651 N.E.2d 1158, 1162 (Ind.Ct. App.1995).