In re the MARRIAGE OF Denise
E. DEAN and Rollin Dean.

State of Indiana, Appellant–Intervenor,

Denise E. Dean, Petitioner,

v.

Rollin Dean, Appellee–Respondent.

No. 18A02–0209–CV–737.

Court of Appeals of Indiana.

April 30, 2003.

Steve Carter, Attorney General of Indiana, Janet L. Parsanko, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellant.

Alan K. Wilson, Public Defender, Muncie, IN, Attorney for Appellee.

## OPINION

MATTINGLY–MAY, Judge.

The State of Indiana, as assignee of a portion of the child support payments due to Denise E. Dean ("Mother"), appeals the trial court's determination of the amount of child support Rollin Dean ("Father") owes the State. The State raises one issue, which we restate as whether the trial court abused its discretion in denying the State's motion to correct error, which requested payment for a support obligation that accrued during the pendency of Mother's and Father's dissolution proceedings but was not reduced to a judgment in the final divorce decree.

We reverse and remand.

### FACTS AND PROCEDURAL HISTORY

Mother and Father were married on February 21, 1992. During their marriage, they had one child, K.E.D. On October 23, 1992, Mother filed a petition for dissolution. On November 6, 1992, the trial court ordered that, during the proceedings, Father would pay $37.00 per week in child support to Mother, who would have custody of K.E.D.

Between November 6, 1992 and March 18, 1994, Father accumulated a child support arrearage totaling $2,248.35. On March 8, 1994, the parties filed a custody, support and property settlement agreement. On March 18, 1994, the trial court entered its final dissolution decree, which incorporated the parties' agreement by reference and provided that Mother would keep custody of K.E.D. and Father would pay $37.00 per week in child support. However, neither the decree nor the incorporated agreement mentioned the $2,248.35 child support arrearage.

On June 8, 2001, the State filed a motion to intervene, claiming that Mother, pursuant to "being a Title IV–D, non-welfare case," had assigned child support payments to the State. (Appellant's App. at 16.) On July 17, 2001, the State filed a petition for citation claiming Father's child support arrearage was $16,342.36 and requesting the court order Father to appear and show cause why he should not be held in contempt for failure to pay child support.

At a hearing, Father acknowledged that his total arrearage to the State was $7,425.36, but he claimed the State could not collect the $2,248.35 arrearage that accumulated under the temporary order in place during the pendency of the proceedings because that arrearage amount had not been set out in the final divorce decree. After the hearing, the trial court found Father owed $5,177.00 to the State and ordered Father to pay $13.00 per week toward the arrearage in addition to his regular support payments.

The State filed a motion to correct error in which it alleged that the trial court erred because it did not order Father to pay the $2,248.35 arrearage that accumulated during the divorce proceedings. The trial court denied that motion with the following findings and conclusions:

1. That a dissolution of the marriage of the parties was granted by summary dissolution on March 18, 1994.

2. That the Intervenor, the State of Indiana, did not file its motion to intervene until June 8, 2001, although the original petitioner had received AFDC/TANF benefits prior to the dissolution being granted.

3. That the State of Indiana was aware or should have been aware of the pending dissolution but did not file its Motion to Intervene prior to the dissolution being granted.

4. That the IV–D Commissioner ruled that arrearage that accrued under

the provisional order was not enforceable, pursuant to the "merger" doctrine.

5. That of the alleged $16,342.36 delinquent in support as of July 13, 2001, $7,425.36 had been assigned to the State of Indiana by the petitioner, $2,248.35 of which arose during the provisional period of the dissolution action.

6. That the State of Indiana could have adjudicated the arrearage at the time of the dissolution had it timely filed its Motion to Intervene when it knew or should have known a dissolution of marriage action was pending by reason of the assignment by the petitioner, [Mother], and failed to protect its interest.

7. That the Motion to Correct Errors should be denied.

(Appellant's App. at 23–24.) The State appeals.

### DISCUSSION AND DECISION

■ A trial court has discretion to grant or deny a motion to correct error, and we reverse its decision only for an abuse of that discretion. *Allstate Ins. Co. v. Hammond,* 759 N.E.2d 1162, 1165 (Ind.Ct.App. 2001). An abuse of discretion has occurred if the trial court's decision is against the logic and effect of the facts and circumstances before the court or if the court has misinterpreted the law. *Id.*

The State claims that the trial court abused its discretion in denying the motion to correct error because the trial court erroneously determined that the doctrine of merger prohibited the State from bringing an action against Father for the delinquent temporary child support payments that were not mentioned in the final dissolution decree.

Merger has been defined as "[t]he effect of a judgment for the plaintiff, which absorbs any claim that was the subject of the lawsuit into the judgment, so that the plaintiff's rights are confined to enforcing the judgment." Black's Law Dictionary 1002 (7th ed.1999).

The general rule of merger is that when a valid and final personal judgment is rendered in favor of the plaintiff, the original debt or cause of action, or underlying obligation upon which an adjudication is predicated is said to be merged into the final judgment, and the plaintiff cannot maintain a subsequent action on any part of the original claim, because the doctrine of merger operates to extinguish a cause of action on which a judgment is based and bars a subsequent action for the same cause.

46 Am.Jur.2d *Judgments* § 501, pp. 762–63 (1994) [hereinafter "*Judgments*"]. When a cause of action merges into a judgment, the judgment is "conclusive as to all matters which were litigated, which properly should have been litigated, or might have been litigated in the original action." *Id.* § 501, p. 763. "[T]he mere fact that a judgment is erroneous or irregular does not preclude the operation of the doctrine of merger, if it thereafter remains in full force and unreversed." *Id.* § 507, p. 768 (citing *Citizens' State Bank of Carmel v. Perisho,* 77 Ind.App. 70, 130 N.E. 857 (1921)).

Merger can be thought of as a part of the doctrine of res judicata, because "merger determines the scope of claims precluded from relitigation by an existing judgment." *Judgments* § 502, p. 764. Essentially, merger is identical to the concept of claim preclusion. *Id.; see also In re Marriage of Moser,* 469 N.E.2d 762, 765 n. 4 (Ind.Ct.App.1984) ("Indiana courts have also referred to claim preclusion as 'estoppel by judgment' and 'bar and merger.'"). Both merger and claim preclusion prevent parties from splitting causes of action, *id.,* and thereby prohibit excessive litigation between parties. *Judgments* § 503, p. 765.

We have previously held that an order for temporary child support "merges" into the final dissolution decree.[1] *Dillon v. Dillon*, 696 N.E.2d 85, 87 (Ind.Ct.App. 1998). "Nevertheless, an obligation accrued prior to the final decree survives." *Mosser v. Mosser*, 729 N.E.2d 197, 200 n. 3 (Ind.Ct.App.2000). Consequently, if Mother had appealed the final decree, we would have required the trial court to modify the decree to include an order for Father to pay the temporary support arrearage. *See Crowley v. Crowley*, 708 N.E.2d 42, 57 (Ind.Ct.App.1999) (affirming trial court's final dissolution decree that ordered ex-husband to pay the temporary maintenance arrearage that accrued during the proceedings); *DeMoss v. DeMoss*, 453 N.E.2d 1022, 1025–26 (Ind.Ct.App.1983) (remanding for trial court to modify final dissolution decree to require ex-husband to pay arrearage accrued during proceedings under the *pendente lite* order).

However, Mother did not appeal to this court to have the trial court modify its order to include the amounts that Father owed under the temporary order. Presumably, then, the doctrine of merger would prohibit Mother from suing Father for the arrearage because the final divorce decree, which is the conclusive document regarding the rights and obligations of the parties pursuant to the dissolution proceeding, does not mention any arrearage arising under the temporary order. *See, e.g., Bryant v. Owens*, 232 Ind. 237, 243, 111 N.E.2d 804, 807 (1953) (holding second judgment on a petition for adoption was void because the cause of action "had been merged and extinguished by the first judgment"); *Neese v. Kelley*, 705 N.E.2d 1047, 1052 (Ind.Ct.App.1999) (holding previous

judgment, though erroneous, was binding on parties who failed to appeal the judgment). The question that remains is whether the doctrine of merger also prohibits the State from suing Husband for that amount.

The doctrine of merger is limited by concerns about justice. *Judgments* § 503, p. 765. We have previously said "the doctrine of merger is calculated to promote justice and equity and may be carried no further than the ends of justice require." *Sisters of Mercy Health Corp. v. First Bank of Whiting*, 624 N.E.2d 520, 523 (Ind.Ct.App.1993), *trans. denied.* Therefore, a court may decline to apply merger if its application would not be just or equitable under the facts of a case. *Judgments* § 501, p. 763. For example, "one who is not a party to a suit may not claim the benefits of merger." *Id.* § 503, pp. 765–66. In addition, while all parties in both lawsuits need not be the same, the plaintiff whose claim may be merged should be the same in both lawsuits. *Id.* § 501, p. 763.

▮▮▮ Under claim preclusion, a claim is prohibited if "a final judgment on the merits has been rendered which acts as a complete bar to a subsequent action on the same issue or claim between those parties and their privies." *Eichenberger v. Eichenberger*, 743 N.E.2d 370, 374 (Ind.Ct. App.2001). Four factors must be met for a claim to be precluded:

1) the former judgment must have been rendered by a court of competent jurisdiction; 2) the former judgment must have been rendered on the merits; 3) the matter now in issue was, or could

---

1. One consequence of this merger is that if the final judgment is set aside, then the temporary order that merged therein is also set aside, such that the party who had been receiving temporary support prior to the entry of the final judgment would have to file a new petition with the trial court to obtain a new temporary support order. *Rance v. Rance*, 587 N.E.2d 150, 153 (Ind.Ct.App.1992).

have been, determined in the prior action; and 4) the controversy adjudicated in the former action must have been between the parties to the present suit or their privies.

*Small v. Centocor, Inc.,* 731 N.E.2d 22, 26 (Ind.Ct.App.2000), *trans. denied.* Application of the fourth factor leads us to believe the State is not precluded from bringing its claim against Father.

██ ██ "Privity" is a term used to describe the relationship between persons who are parties to an action and those who are not parties to an action but whose interests in the action are such that they may nevertheless be bound by the judgment in that action. The term includes those who control an action, though not a party to it, and those whose interests are represented by a party to the action.

*Id.* at 27–28.

Neither Mother nor Father represented the State's interests in the prior proceeding. Father's interests were adverse to the State—Father is the one who should have paid the child support arrearage and who would benefit from the arrearage being left out of the final decree. Mother's interests were not the same as the State's interests. Mother was not entitled to any of the arrearage accumulated under the temporary child support order, so she would have been unconcerned about whether the parties' agreement or the trial court's order included such a provision.

Moreover, "the law is settled that no one's rights may be adversely affected if he is not a party to the litigation." *Kieler v. C.A.T. by Trammel,* 616 N.E.2d 34, 38 (Ind.Ct.App.1993) (quoting *Wyatt–Rauch Farms, Inc. v. Public Service Co. of Ind., Inc.,* 160 Ind.App. 228, 311 N.E.2d 441, 443 (1974)), *trans. denied.* The State was not a party in the dissolution action between Mother and Father. Clearly, the State could have been added as a party in the dissolution action pursuant to Trial Rule 19(A),[2] because the State's absence impeded its ability to protect its interest. However, for reasons not apparent on the record before us, that did not happen.

As we said when affirming a trial court's final dissolution order requiring a husband to pay the arrearage he accrued under the temporary order: "To allow [husband] now to escape payments for the temporary maintenance order imposed by the court would in essence award him for the willful dereliction of his duty of support toward [wife] as well as toward the two children." *Crowley,* 708 N.E.2d at 57. Application of the doctrine of merger under these facts would be neither just nor equitable. Neither Mother's nor Father's interests were the same as the State's interests in the previous proceeding. Therefore, the State should not be precluded from bringing its claim for the money Father owed to the State under the temporary order.

2. Trial Rule 19, "Joinder of person needed for just adjudication" provides:
　(A) Persons to be joined if feasible. A person who is subject to service of process shall be joined as a party in the action if:
　. . .
　　(2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may:
　　(a) as a practical matter impair or impede his ability to protect that interest, or
　　(b) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.
　If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant.

The trial court abused its discretion when it denied the State's motion to correct error. Accordingly, we reverse the trial court's decision. On remand, we instruct the trial court to modify its order to indicate Father owes $7,425.36 to the State.

Reversed and remanded.

BROOK, C.J. and FRIEDLANDER, J., concur.