Jeffrey TRENT, Appellant–Respondent,

v.

Sue TRENT, Appellee–Petitioner.

No. 34A02–0411–CV–991.

Court of Appeals of Indiana.

June 9, 2005.

Steve Carter, Attorney General of Indiana, Frances H. Barrow, Deputy Attorney General, Indianapolis, for Appellant.

Brant J. Parry, Kokomo, for Appellee.

## OPINION

SHARPNACK, J.

Jeffrey Trent ("Father") appeals the trial court's denial of an Affidavit for Citation regarding a child support arrearage owed by Sue Trent ("Mother"). Father raises two issues, which we restate as:

I. Whether the trial court's finding regarding the amount of Father's arrearage is clearly erroneous; and

II. Whether the trial court's finding regarding laches is clearly erroneous.

We reverse and remand.

Father and Mother were married, and two children were born to the marriage, B.T., born October 27, 1980, and H.T., born January 23, 1982. The couple divorced in 1991. When the dissolution decree was entered, Father had accumulated a child support arrearage of $6,519.00 pursuant to a provisional order. The dissolution decree awarded custody of the children to Mother and ordered Father to pay child support of $125.00 per week. The dissolution decree did not address Father's child support arrearage resulting from the provisional order. In October 1994, the parties entered into an agreed entry in which Father was awarded custody of the children. The 1994 order apparently did not address child support, but in October 1996, Mother agreed to pay $100.00 per week in support. Both of the children were emancipated as of January 2000.

On March 24, 2004, the deputy prosecuting attorney for Howard County filed an Affidavit for Citation on behalf of Father. The affidavit alleged that Mother had failed to pay child support as ordered by the trial court and requested that Mother be required to appear and show cause why she should not be punished for her refusal to comply with the trial court's order. The trial court conducted a hearing on August 10, 2004. Mother testified that she stopped paying child support in 1998 based upon a verbal agreement with Father. Further, Mother testified that Father was in arrears on child support in the amount of $15,482.00 as a result of his failure to pay child support while she had custody of the children. A portion of Father's arrearage, $6,519.00, was child support ordered pursuant to the provisional order. Mother admitted that she was in arrears on child support payments in the amount of $12,860.00, but the deputy prosecutor alleged that Mother's arrearage was $14,160.00. At the hearing, the prosecutor did not request attachment or imprisonment but requested an income withholding order.[1]

The trial court entered an order as follows:

On August 19, 2004, [Mother] appeared in person and by counsel, Brant Parry, and [Father] appeared by counsel, Rebecca Vent, Deputy Prosecuting Attorney, on [Father's] Affidavit of Citation

---

[1]. Although neither party mentions *In re Paternity of L.A. by Eppinger v. Adams*, 803 N.E.2d 1196 (Ind.Ct.App.2004), *trans. denied*, we note that in that case the prosecutor's office filed an information for rule to show cause why the father should not be held in contempt for his failure to pay a child support arrearage. *Id.* at 1197–1198. The trial court discharged the rule to show cause because it concluded:

Once a child is emancipated and the "natural duty" of the parents to provide for the maintenance of the child no longer exists, whether a request for relief under IC 31–16–12–6 is prosecuted by a "trustee" collecting child support or the trustee's assignee, the use of contempt remedies such as attachment and imprisonment to enforce a child support arrearage would violate of [sic] Article 1, § 22 of the Indiana Constitution which prohibits "imprisonment for debt, except in the case of fraud."

*Id.* at 1198. On appeal, we agreed and concluded "that the use of contempt to enforce an order for child support arrearage after a child is emancipated is prohibited by Article One, Section Twenty–Two of the Indiana Constitution." *Id.* at 1201. We relied upon *Corbridge v. Corbridge*, 230 Ind. 201, 207, 102 N.E.2d 764, 767 (1952), where our supreme court held:

The extraordinary remedy of attachment for a civil contempt of court is available, not for the protection of the one having custody of the child, but for the benefit of the child, so that it may not want for necessities during the period of its minority. When the child reaches its majority the purpose and justification for the extraordinary remedy cease, and the court has no right to coerce the back payments of support by imprisonment.

*Corbridge*, 230 Ind. at 207, 102 N.E.2d at 767. Here, the children are emancipated. Thus, the use of contempt remedies such as attachment and imprisonment was not permissible under *Eppinger*. However, the prosecutor here requested only an income withholding order. Ind.Code § 31–16–12–1 governs the enforcement of a child support arrearage and provides:

Notwithstanding any other law, all orders and awards contained in a child support decree or an order directing a person to pay a child support arrearage may be enforced by:
(1) contempt, including the provisions under section 6 of this chapter;
(2) assignment of wages or other income; or
(3) any other remedies available for the enforcement of a court order;
except as otherwise provided by IC 31–16–2 through IC 31–16–11 or this chapter.

The statute separates contempt and assignment of wages remedies and clarifies that assignment of wage remedies are not contempt remedies. Thus, the prosecutor's request for a wage withholding was not a contempt remedy and does not implicate *Eppinger*.

for non-payment of support. Arguments heard; evidence received. The Court, having considered the arguments and evidence, now rules as follows:

1. Father filed his Citation for non-payment of support by Mother from October 2, 1996, when Mother was ordered to pay $100.00 weekly in support for the Parties' minor children .... Father alleges that Mother is $14,160.00 in arrears as of January 23, 2000, the eighteenth birthday of the youngest child, [H.T.]. Mother asserts that Father had a previous delinquency of $15,482.00 as of October 2, 1996, when custody and support were last modified and that there was a verbal agreement between the Parties in which Father would forego his weekly support until he refinanced the marital residence in his name only.

2. The marriage of the Parties was dissolved on February 5, 1991, and Mother was awarded custody and Father was ordered to pay support. On November 30, 1993, Father filed for custody modification and before that modification could be heard, Mother filed an Affidavit of Citation alleging non-payment of support on May 9, 1994. On October 11, 1994, the Parties filed an Agreed Entry granting temporary custody of both children to Father with no support due from Mother; Mother specifically dismissed her Citation for support arrearage due from Father. On December 6, 1995, Father filed his Affidavit for Citation alleging Mother had not paid support. As there was no support order against Mother at that time, the Parties filed an Agreement on October 2, 1996, in which Mother agreed to pay the sum of $100.00 weekly as support commencing October 4, 1996. On January 24, 1997, Mother renewed her Affidavit of citation alleging Father was in arrears in his previous support obligation; on March 6, 1997, Mother filed for a modification of support due to her decreased income. No other action was taken until Father filed the present Affidavit for Citation.

3. The Court, therefore, finds that before it are: (1) Mother's Citation for a provisional and final support order arrearage accumulating until October 11, 1994; (2) Mother's request for support modification; and (3) Father's Citation for support arrearage accumulating until January 23, 2000. As to Mother's request for support modification, no evidence was presented to the Court and the support modification is DISMISSED. The evidence presented was that Father owed Mother the sum of $15,482.00 ($6,519.00 was provisional arrearage) and that Mother owed Father the sum of $14,160.00 as of January 23, 2000.

4. In balancing the equities, the Court notes that although Mother's arrearage accumulated until January 23, 2000, Father took no action until more than four years later on March 24, 2004, and Mother failed to prosecute her Citation and modification until brought into Court on Father's present Citation.

5. The Court declines to find either Party in contempt for their failure to comply with Court orders regarding child support. The Court finds that, in the interests of equity, the outstanding arrearages cancel each other out and, therefore, both Citations are DISMISSED.

Appellant's Appendix at 16–18. The deputy prosecuting attorney filed a motion to correct error, which the trial court denied.

■ Determinations of child support obligations are within trial court's discretion, and we will not set such determinations aside unless they are clearly erroneous. *Lea v. Lea,* 691 N.E.2d 1214, 1217 (Ind.1998). "Findings are clearly erroneous only when the record contains no facts to support them either directly or by inference." *Quillen v. Quillen,* 671 N.E.2d 98, 102 (Ind.1996). A judgment is clearly erroneous if it relies on an incorrect legal standard. *Menard, Inc. v. Dage–MTI, Inc.,* 726 N.E.2d 1206, 1210 (Ind.2000), *reh'g denied.* We give due regard to the trial court's ability to assess the credibility of witnesses. *Id.* While we defer substantially to findings of fact, we do not do so to conclusions of law. *Id.* We do not reweigh the evidence; rather we consider the evidence most favorable to the judgment with all reasonable inferences drawn in favor of the judgment. *Yoon v. Yoon,* 711 N.E.2d 1265, 1268 (Ind.1999).

## I.

■ The first issue is whether the trial court's finding regarding the amount of Father's arrearage is clearly erroneous. Father argues that the trial court's finding that Father owed an arrearage of $15,482.00 is clearly erroneous. According to Father, the arrearage found by the trial court erroneously included $6,519.00, which was a provisional arrearage not addressed by the dissolution decree. Thus, Father contends the arrearage accrued under the provisional order was extinguished by the dissolution decree.

Ind.Code § 31–15–4–14 governs the termination of provisional orders and provides:

A provisional order terminates when:

(1) the final decree is entered subject to right of appeal; or

(2) the petition for dissolution or legal separation is dismissed.

Pursuant to the statute, we have held that "[i]n general, provisional orders terminate when a final decree is entered or when a petition for dissolution or legal separation is dismissed." *Dillon v. Dillon,* 696 N.E.2d 85, 87 (Ind.Ct.App.1998).

In *In re Dean,* 787 N.E.2d 445, 447 (Ind.Ct.App.2003), *trans. denied,* we discussed the doctrine of merger in the context of child support payments. There, the father owed a substantial child support arrearage, including an arrearage that accumulated under a provisional order but that arrearage was not set out in the final dissolution decree. *Id.* at 446. The State filed a motion to intervene in the proceedings and claimed that the mother, pursuant to "being a Title IV–D, non-welfare case," had assigned child support payments to the State. *Id.* The State then filed a petition for citation requesting the court to order the father to appear and show cause why he should not be held in contempt for failure to pay child support. *Id.* The trial court ordered the father to pay the arrearage to the State but found that the State was not entitled to the provisional arrearage due to merger of the provisional order with the dissolution decree. *Id.* at 446–447.

On appeal, we noted the following regarding merger:

The general rule of merger is that when a valid and final personal judgment is rendered in favor of the plaintiff, the original debt or cause of action, or underlying obligation upon which an adjudication is predicated is said to be merged into the final judgment, and the plaintiff cannot maintain a subsequent action on any part of the original claim, because the doctrine of merger operates to extinguish a cause of action on which a judgment is based and bars a subsequent action for the same cause.

*Id.* at 447 (quoting 46 AM. JUR. 2D *Judgments* § 501, pp. 762–63 (1994)). We concluded that the doctrine of merger did not prohibit the State from suing the father for the provisional arrearage because the State was not a party to the dissolution proceedings. *Id.* at 449. In doing so, we noted that, if the mother had appealed the final decree, we would have required the trial court to modify the decree to include an order for the father to pay the provisional order arrearage. *Id.* at 448. However, the mother did not appeal that issue. *Id.* "Presumably, then, the doctrine of merger would prohibit [the mother] from suing [the father] for the arrearage because the final divorce decree, which is the conclusive document regarding the rights and obligations of the parties pursuant to the dissolution proceeding, does not mention any arrearage arising under the temporary order." *Id.*

Here, in response to Father's allegation that Mother had accumulated an arrearage, Mother argued that Father had also accumulated a significant arrearage. Father accumulated a portion of that arrearage pursuant to a provisional order and that provisional arrearage was not included in the dissolution decree.[2] Pursuant to the doctrine of merger, the provisional order and the arrearage accruing under it were extinguished. *See id.* at 448. The trial court found that "Father owed Mother the sum of $15,482.00 ($6,519.00 was provisional arrearage) ...." Appellant's Appendix at 17. However, due to the merger, the trial court could not include the provisional arrearage of $6,519.00 in the amount that Father owed Mother. Consequently, Father owed Mother the sum of $8,963.00 ($15,482.00 minus the provisional arrearage of $6,519.00).

Mother argues the trial court properly found that the parties' arrearages cancelled each other out based upon equity and justice. Mother appears to argue that the trial court's finding was proper because she stopped paying child support pursuant to a verbal agreement with Father. Mother relies upon *Dean*, where we noted:

The doctrine of merger is limited by concerns about justice. We have previously said "the doctrine of merger is calculated to promote justice and equity and may be carried no further than the ends of justice require." Therefore, a court may decline to apply merger if its application would not be just or equitable under the facts of a case. For example, "one who is not a party to a suit may not claim the benefits of merger."

*Dean*, 787 N.E.2d at 448 (internal citations omitted). We note that "[a]ny agreement purporting to contract away these [child support] rights is directly contrary to this State's public policy of protecting the welfare of children ...." *Straub v. B.M.T. by Todd*, 645 N.E.2d 597, 600 (Ind.1994), *reh'g denied*. Thus, Mother could not stop paying child support based upon this verbal agreement. *See, e.g., Schrock v. Gonser*, 658 N.E.2d 615, 616 (Ind.Ct.App.1995) ("An agreement to forego child support is unenforceable because the parent has no right to contract away the child's support benefits."), *reh'g denied, trans. denied*. While a trial court may decline to apply merger based upon concerns of justice or equity, we do not believe the facts of this case are exceptional enough to justify such a break from the doctrine of merger. Consequently, we conclude that the trial court erroneously included the provisional arrearage in its calculation of Father's ar-

---

**2.** There is no evidence in the record presented to us that the State intervened or was as-

signed a portion of the provisional arrearage.

rearage, and the trial court's order is clearly erroneous. *See, e.g., Dean,* 787 N.E.2d at 448.

## II.

The next issue is whether the trial court's finding regarding laches is clearly erroneous. The trial court found that "although Mother's arrearage accumulated until January 23, 2000, Father took no action until more than four years later on March 24, 2004, and Mother failed to prosecute her Citation and modification until brought into Court on Father's present Citation." Appellant's Appendix at 17. Thus, the trial court "decline[d] to find either Party in contempt for their failure to comply with Court orders regarding child support." *Id.*

 Father argues that the trial court applied the doctrine of laches to deny his action for the child support arrearage and that laches does not apply to an action to recover a child support arrearage.[3] "Laches is neglect for an unreasonable length of time, under circumstances permitting diligence, to do what in law should have been done." *Knaus v. York,* 586 N.E.2d 909, 914 (Ind.Ct.App.1992). Furthermore, "there must be unreasonable delay and prejudice to the opposing party." *Id.* This court has held "the doctrine of laches simply does not apply to child support cases." *Id.* We have refused to apply laches in child support proceedings because we will not penalize a child for his or her parent's delay in pursuing child support. *Id.; see also Connell v. Welty,* 725 N.E.2d 502, 506 (Ind.Ct.App.2000); *In*

re Truax,* 522 N.E.2d 402, 407 (Ind.Ct. App.1988), *trans. denied.* By declining to find either party in contempt because both Mother and Father delayed in pursuing the arrearages, the trial court applied the doctrine of laches.[4] As a result, the trial court's finding is clearly erroneous.

For the foregoing reasons, we reverse and remand for proceedings consistent with this opinion.

Reversed and remanded.

MAY, J., and VAIDIK, J. concur.

---

3. Mother contends that the trial court did not apply the doctrine of laches; rather, Mother argues that the trial court balanced the equities due to "the delay by each party in prosecuting the support issues." Appellee's Brief at 4. Although the trial court did not specifically use the term "laches," it is apparent that the trial court applied this doctrine.

4. Neither party makes any argument regarding the statute of limitations on Mother's claim for the child support arrearage. *See Dore v. Dore,* 782 N.E.2d 1015, 1020 (Ind.Ct. App.2003) (discussing Ind.Code § 34–11–2–10 and Ind.Code § 34–11–1–2 (formerly Ind. Code § 34–1–2–3)). Thus, we express no opinion regarding this issue.