## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 04 2020, 9:52 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Daniel L. Brown
Daniel L. Brown Law Office, P.C.
Salem, Indiana

ATTORNEY FOR APPELLEES

Thomas E. Scifres
Thomas E. Scifres, P.C.
Salem, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

In the Matter of the Guardianship of S.S. (Minor Child);

Daniel Ephrom Brock,

*Appellant-Intervenor,*

v.

Gregory M. Sullivan and Mary J. Sullivan,

*Appellees-Petitioners*

June 4, 2020

Court of Appeals Case No. 19A-GU-2776

Appeal from the Washington Circuit Court

The Honorable Larry Medlock, Judge

Trial Court Cause No. 88C01-1705-GU-23

**May, Judge.**

[1]     Daniel Ephrom Brock appeals the trial court's grant of a motion to correct error filed by Gregory M. Sullivan and Mary J. Sullivan (collectively, "Maternal Grandparents"). He argues the trial court abused its discretion in doing so for multiple reasons, one of which we find dispositive: whether Maternal Grandparents invited the very errors of which they now complain.

We reverse.

# Facts and Procedural History

[2]     S.S. ("Child") was born to Rachel Sullivan ("Mother"), Maternal Grandparent's daughter, on October 22, 2015. Brock dated Mother prior to Child's birth and all parties assumed he was Child's father, but he was not identified as father on S.S.'s birth certificate. On May 9, 2017, Maternal Grandparents filed for guardianship of Child (hereinafter, "Guardianship Case"). Mother consented to the guardianship, and Maternal Grandparents have been Child's guardians since. Brock did not participate in the initial guardianship proceedings, as he had not established legal paternity at the time.

[3]     Since Child's birth, Brock has consistently been a part of Child's life, including a five-month period in 2018 during which Brock lived with Maternal Grandparents and Child. After Brock moved to his own residence in September 2018, Child stayed with Brock from Friday morning to Sunday morning or from Friday morning to Monday night on most weekends. On April 30, 2019, Brock filed a "Verified Petition to Establish his Paternity,

Custody, Parenting Time and for Surname Change." (Appellant's App. Vol. II at 8) (hereinafter "Paternity Case"). The trial court in the Paternity Case ordered Brock to undergo DNA testing, and he agreed to do so. In late July, the DNA test excluded Brock as Child's father.

[4] On July 25, 2019, after discovering he was not biologically related to Child, Brock filed a motion to intervene in the Guardianship Case and a "Verified Petition for Establishment of Visitation[.]" (*Id*. at 25.) The trial court granted his motion to intervene on July 26, 2019, (*see id*. at 24) (trial court's order granting Brock's motion to intervene), and set a hearing on Brock's petition for visitation for September 3, 2019.

[5] On September 3, 2019, all parties attended a hearing before the trial court and, in open court, came to an agreement regarding Brock's visitation with Child and other related issues. The trial court memorialized that agreement in an order on September 4, 2019. The agreement provided:

> 2. That, Intervenor, Daniel Ephrom Brock, shall continue with interim parenting time, being Fridays in the a.m. until Sundays in the a.m. and on weekends that he has a long weekend, from Friday a.m. until Monday p.m., and additional time as the parties can agree.

> 3. That Daniel Ephrom Brock, [sic] shall be authorized to obtain medical assistance for the child while the child is in his care.

> 4. That the parties will work together to obtain a preschool for the child.

5.  That Mr. Brock is seeking additional time on Wednesdays through Fridays on alternating weeks in addition to the time set forth in paragraph 2, and the parties were to work together for such time and it would be conditioned on Mr. Brock providing work-related child care for the child during such additional time and should he be unable to arrange for same, then he will return the child to the Guardians. Further, Mr. Brock would be responsible to arrange transportation to and from any pre-school provider during such additional time.

(*Id*. at 29-30.)

On October 3, 2019, Maternal Grandparents filed a motion to correct errors, asking the court to vacate its September 4, 2019, order because the trial court erred when it allowed Brock to intervene in the Guardianship Case. Brock filed his response on October 4, 2019. The trial court summarily granted Maternal Grandparents' motion to correct error, stating, "the Court's prior Order, entered on September 4, 2019, shall be, and hereby is, vacated. Frequent visitation is encouraged, but shall be at discretion of the Co-Guardians." (*Id*. at 36.)[1] This appeal ensued.

---

[1] The trial court's order granting Maternal Grandparents' motion to correct error lacked a level of specificity that has confused these proceedings and hindered our review of this matter. Further, while it is not a statutory requirement and the parties did not request findings, "our supreme court has explicitly mandated trial courts to issue detailed and specific findings when a child is placed in the care and custody of a person other than a natural parent." *In re Guardianship of A.R.S.*, 816 N.E.2d 1160, 1162 (Ind. Ct. App. 2004). While we recognize the order at issue here is not one conferring guardianship, it is important for the trial court to be clear in a case such as this. In the future, it would be helpful for the trial court to issue an order, especially in proceedings involving a child, that gives this court insight into the reasons for its decision and to aid our determination of the propriety of the trial court's exercise of its broad discretion in such matters.

# Discussion and Decision

[7] Our standard of review of a trial court's ruling on a motion to correct error is well settled.

> We generally review a trial court's ruling on a motion to correct error for an abuse of discretion. *Jocham v. Sutliff*, 26 N.E.3d 82, 85 (Ind. Ct. App. 2015), *trans. denied*. An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before the court or if the court has misinterpreted the law. *In re Marriage of Dean*, 787 N.E.2d 445, 447 (Ind. Ct. App. 2003), *trans. denied*. However, where the issues raised in the motion are questions of law, the standard of review is de novo. *City of Indianapolis v. Hicks*, 932 N.E.2d 227, 230 (Ind. Ct. App. 2010), *trans. denied*.

*Ind. Bureau of Motor Vehicles v. Watson*, 70 N.E.3d 380, 384 (Ind. Ct. App. 2017).

[8] In their motion to correct error, Maternal Grandparents first argued "[i]t was error for the Court to allow Brock to intervene in the [G]uardianship [C]ase[.]" (Appellant's App. Vol. II at 31.) While in that motion Maternal Grandparents correctly stated that Brock filed a motion to intervene in the Guardianship Case on July 25, 2019, their statement that the trial court "did not directly rule on the Motion to Intervene[,]" (*id.*), is incorrect because the trial court granted Brock's motion to intervene in the Guardianship Case on July 26, 2019. (*See id*. at 24) (trial court's order granting Brock's motion to intervene).

[9] Next, Maternal Grandparents' motion to correct error requests that the trial court "vacate its prior order of September 4, 2019, [and] allow permissive interaction between the child and any other people the Co-Guardians see fit at

their discretion[.]" (Appellant's App. Vol. II at 32.) The trial court's September 4, 2019, order stated, "the issue of Mr. Brock's Verified Petition for Establishment of Visitation being before the court and the parties having met and conferred announce the following agreement, which the Court now accepts as follows[,]" (*id.* at 29), and the parties do not dispute that they came to an agreement during the September 3, 2019, hearing about when Brock may visit Child. Maternal Grandparents seem to argue that, despite the fact that all parties agreed to visitation during the September 3, 2019, hearing and the trial court accepted that agreement when it entered its September 4, 2019, order, the order should now be vacated because Brock was not Child's biological father and thus was not entitled to visitation.

[10] We are unpersuaded by that argument. At the time of the trial court's September 4, 2019, order, all parties agreed to allow Brock visitation with Child, even though a DNA test had excluded Brock as the Child's biological father months earlier. Maternal Grandparents cannot now allege error in the trial court's memorialization of the parties' agreement because, if there were an error, Maternal Grandparents invited it by agreeing to the terms of Brock's visitation with Child. Further, Maternal Grandparents acquiesced to the trial court's grant of Brock's motion to intervene by considering his request to visit with Child. *See Stolberg v. Stolberg*, 538 N.E.2d 1, 5 (Ind. Ct. App. 1989) (Party "invited any error she now complains of by clearly agreeing, without objection to the agreement . . . [party] was given ample opportunity to object to the

content and form of the agreement, but she failed to do so.").[2] Therefore, the trial court abused its discretion when it granted Maternal Grandparents' motion to correct error. *See Wright v. Wright*, 782 N.E.2d 363, 368 (Ind. Ct. App. 2002) (trial court abused its discretion when it granted wife's motion to correct error regarding a visitation provision in a dissolution order after wife agreed to the provision).

# Conclusion

As Maternal Grandparents did not object to Brock's intervention and then invited any error in allowing Brock visitation with Child, the trial court abused its discretion when it granted Maternal Grandparents' motion to correct error. Accordingly, we reverse that order and reinstate the trial court's September 4, 2019, order.

Reversed.

Robb, J., and Vaidik, J., concur.

---

[2] Maternal Grandparents also seem to believe they are entitled to relief because they "remained unrepresented through the paternity and intervention proceedings." (Appellant's App. Vol. II at 31.) Whether Maternal Grandparents were represented by counsel at any time during the proceedings is immaterial, as we have long held *pro se* litigants are held to the same standard as licensed attorneys and are expected to understand procedural rules. *See Ballaban v. Bloomington Jewish Comm., Inc.*, 982 N.E.2d 329, 334 (Ind. Ct. App. 2013) (*pro se* litigants are held to the same standard as licensed attorneys and are required to follow procedural rules).